# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP623 |

| | |
|---|---|
| COMPLETE TITLE: | David Skindzelewski,<br>      Plaintiff-Appellant-Petitioner,<br>    v.<br>Joseph Smith, Jr.,<br>      Defendant-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 930 N.W.2d 281,388 Wis. 2d 144
(2019 – unpublished)

| | |
|---|---|
| OPINION FILED: | June 18, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 10, 2020 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Mary E. Triggiano |

JUSTICES:
REBECCA GRASSL BRADLEY, J., delivered the majority opinion of the Court, in which ROGGENSACK, C.J., ZIEGLER, and KELLY, JJ., joined. HAGEDORN, J., filed a concurring opinion. DALLET, J., filed a dissenting opinion.
NOT PARTICIPATING:
ANN WALSH BRADLEY, J., withdrew from participation.

ATTORNEYS:

For the plaintiff-appellant-petitioner, there were briefs filed by *Craig S. Powell* and *Hart Powell, S.C.*, Milwaukee. There was an oral argument by *Craig S. Powell*.

For the defendant-respondent, there was a brief filed by *Brian P. Keenan*, assistant attorney general, with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Brian P. Kennan*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP623
 (L.C. No. 2016CV8101)

STATE OF WISCONSIN      :      IN SUPREME COURT

**David Skindzelewski,**

      **Plaintiff-Appellant-Petitioner,**

  **v.**

**Joseph Smith, Jr.,**

      **Defendant-Respondent.**

**FILED**

**JUN 18, 2020**

Sheila T. Reiff
Clerk of Supreme Court

---

REBECCA GRASSL BRADLEY, J., delivered the majority opinion of the Court, in which ROGGENSACK, C.J., ZIEGLER, and KELLY, JJ., joined. HAGEDORN, J., filed a concurring opinion. DALLET, J., filed a dissenting opinion.

ANN WALSH BRADLEY, J., withdrew from participation.

---

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 REBECCA GRASSL BRADLEY, J. David Skindzelewski committed a crime, pled guilty, and spent time in jail as a consequence for committing that crime until a circuit court vacated his conviction because the statute of limitations rendered the conviction erroneous. In this action, Skindzelewski sued his criminal defense attorney for legal malpractice because his attorney failed to raise the statute of limitations as an

affirmative defense in his criminal case. Neither the circuit court nor the court of appeals permitted his suit to proceed to trial because Skindzelewski could not prove he was actually innocent of the crime of which he was convicted. Skindzelewski asks this court to reverse the unpublished court of appeals opinion[1] affirming the circuit court's[2] grant of summary judgment.

¶2 The actual innocence rule requires a criminal defendant who sues his defense attorney for legal malpractice to establish the defendant did not commit the crime of which he was convicted. Skindzelewski concedes his guilt but advocates the formulation of an exception to the actual innocence rule. We decline to create one under the facts presented by Skindzelewski's lawsuit. Nothing about Skindzelewski's case warrants developing an exception to the actual innocence rule; recognizing one under these circumstances would reward criminality. As a matter of law, Skindzelewski cannot succeed on his legal malpractice claim. We affirm the decision of the court of appeals.

## I. BACKGROUND

¶3 In March 2014, the State charged Skindzelewski with theft by contractor in violation of Wis. Stat. § 779.02(5) (2009-10) after Skindzelewski failed to perform work for which he was

---

[1] Skindzelewski v. Smith, No. 2018AP623, unpublished slip op. (Wis. Ct. App. May 29, 2019) (per curiam).

[2] The Honorable Mary E. Triggiano of the Milwaukee County Circuit Court presided.

paid in 2010.[3] Because the amount taken was less than $2,500, the offense was a Class A misdemeanor under Wis. Stat. § 943.20(3)(a). The criminal complaint alleged Skindzelewski received $1,264 from a family to install roof vents on its home, but he failed to perform the work. The complaint also alleged that Skindzelewski admitted he did not do the work, spent the money on personal expenses, and owed the family for taking its money without performing the contracted-for work. The statute of limitations for a misdemeanor is three years. See Wis. Stat. § 939.74(1).

¶4 The State Public Defender's Office appointed attorney Joseph Smith to represent Skindzelewski. Smith never raised the three-year statute of limitations as a defense to the theft charge. Neither the prosecutor nor the presiding judge recognized that the statute of limitations barred conviction. Skindzelewski ultimately pled guilty in 2015 and was sentenced to eight months in jail. The circuit court imposed this sentence consecutive to time being served on a prior conviction. Skindzelewski began serving his theft-by-contractor sentence in mid-December 2015. While Skindzelewski was in jail, his new attorney filed a postconviction motion, contending his conviction should be vacated because the State charged him after the three-year statute of limitations expired. In April 2016, the circuit court granted the motion and vacated the conviction, and Skindzelewski was

---

[3] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

3

immediately released from jail. Before his release, Skindzelewski spent approximately four months incarcerated for his crime.

¶5 After being released, Skindzelewski sued Smith for legal malpractice, alleging Smith negligently failed to raise the statute of limitations as a defense in his criminal case, resulting in Skindzelewski's incarceration. The State, on behalf of Smith,[4] admitted Smith's negligence but pled several affirmative defenses, including the actual innocence rule set forth in Hicks v. Nunnery, 2002 WI App 87, 253 Wis. 2d 721, 643 N.W.2d 809. Both parties moved for summary judgment.

¶6 Skindzelewski asked the circuit court to adopt an exception to the actual innocence rule, as applied by certain foreign jurisdictions in cases involving sentencing errors. Concluding that "[t]he law in Wisconsin is clear[,]" the circuit court declined to adopt a novel exception to prevailing law, applied the governing actual innocence rule, and granted the State's motion for summary judgment. Skindzelewski appealed. In an unpublished opinion, the court of appeals determined it had no power to modify Hicks and rejected Skindzelewski's argument for establishing an exception to the actual innocence rule. See Skindzelewski v. Smith, No. 2018AP623, unpublished slip op., ¶11 (Wis. Ct. App. May 29, 2019) (per curiam). Skindzelewski filed a petition for review, which we granted.

II. STANDARD OF REVIEW

---

[4] Because public defenders are state employees, the State represents Smith in this civil suit.

4

¶7 On appeal, "[w]e independently review a grant of summary judgment[.]" West Bend Mut. Ins. Co. v. Ixthus Med. Supply, Inc., 2019 WI 19, ¶9, 385 Wis. 2d 580, 923 N.W.2d 550 (quoting Water Well Sols. Serv. Grp., Inc. v. Consolidated Ins. Co., 2016 WI 54, ¶11, 369 Wis. 2d 607, 881 N.W.2d 285). We employ the same methodology as the circuit court and court of appeals. Id. "Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." Id.; see also Wis. Stat. § 802.08(2)(2017-18).

### III. ANALYSIS

#### A. General Principles of Negligence

¶8 A plaintiff must prove four elements to establish negligence: duty, breach, causation, and damages. Coffey v. City of Milwaukee, 74 Wis. 2d 526, 531, 247 N.W.2d 132 (1976). In this legal malpractice case, Skindzelewski's claim involves only the third element——causation. In order to establish causation, the plaintiff must show that the negligent act was "a substantial factor in producing" the plaintiff's injury. Morden v. Continental AG, 2000 WI 51, ¶60, 235 Wis. 2d 325, 611 N.W.2d 659 (quoting Nieuwendorp v. American Family Ins. Co., 191 Wis. 2d 462, 475, 529 N.W.2d 594 (1995)); see also Clark v. Leisure Vehicles, Inc., 96 Wis. 2d 607, 617, 292 N.W.2d 630 (1980) ("The test of cause in Wisconsin is whether the defendant's negligence was a substantial factor in producing the injury."). Even if a plaintiff proves the general elements of negligence, courts may preclude liability based on public policy considerations. See, e.g., Howard v. Mt.

Sinai Hospital, Inc., 63 Wis. 2d 515, 517-20, 217 N.W.2d 383 (1974), aff'd on rehearing 219 N.W.2d 576.

¶9  The elements of a legal malpractice claim are substantially the same as the elements comprising a general negligence claim.  The plaintiff must prove:  (1) an attorney-client relationship existed; (2) the attorney's actions were negligent; (3) the attorney's negligent actions caused the client's injury; and (4) the client suffered an actual injury. See Lewandowski v. Continental Cas. Co., 88 Wis. 2d 271, 277, 276 N.W.2d 284 (1979) (quoted source omitted).  In order to prove causation and injury, a plaintiff must show that "but for the negligence of the attorney, the client would have been successful in the prosecution or defense of an action."  Glamann v. St. Paul Fire & Marine Ins. Co., 144 Wis. 2d 865, 870, 424 N.W.2d 924 (1988) (quoting Lewandowski, 88 Wis. 2d at 277).  This burden has been characterized as requiring the plaintiff to prove a case within a case:  the plaintiff must show that, but for his lawyer's negligence, the civil case would have succeeded.  Id.  When the legal malpractice arises from professional services rendered in a criminal case, the client must additionally prove that he was actually innocent of the criminal charge as a component of the causation element.  See Hicks, 253 Wis. 2d 721, ¶34.  This actual innocence rule arises out of public policy considerations.  Id.

B.  The Actual Innocence Rule

¶10  In Hicks v. Nunnery, the court of appeals adopted the actual innocence rule, citing cases from foreign jurisdictions. Hicks, 253 Wis. 2d 721, ¶¶34-49; see generally Wiley v. County of

6

San Diego, 966 P.2d 983 (Cal. 1998); Glenn v. Aiken, 569 N.E.2d 783 (Mass. 1991).  In applying the rule, our court of appeals held that, in a legal malpractice case arising from a criminal defense attorney's representation, the plaintiff must show something more than "but for" the attorney's negligence, the plaintiff would have been found not guilty.  Hicks, 253 Wis. 2d 721, ¶46.  In order to pursue a civil claim for damages against a negligent criminal defense attorney, the plaintiff must also show he was actually innocent of the crime of which he was convicted.  Id.

¶11  The actual innocence rule has been part of Wisconsin's jurisprudence for nearly two decades.  See id., 253 Wis. 2d 721, ¶34; Wis. Stat. § 752.41(2) (2017-18).[5]  Neither party asks us to overrule Hicks or challenges its rationale.  Skindzelewski, however, asks us to adopt an exception to the actual innocence rule.  He bears the burden of establishing an exception is warranted and should apply in his case.  See State v. McFarren, 62 Wis. 2d 492, 499-500, 215 N.W.2d 459 (1974) (the burden of proof rests on the party "desiring change" and seeking "to change the present state of affairs" (quoted source omitted)).  Skindzelewski has not satisfied his burden.

### C.  Application

¶12  Skindzelewski asks us to recognize what he characterizes as a "narrow" exception to the actual innocence rule, which would relieve a plaintiff of establishing his innocence whenever defense

---

[5] Published court of appeals decisions have "statewide precedential effect" until overruled by this court.  Cook v. Cook, 208 Wis. 2d 166, 186, 560 N.W.2d 246 (1997).

counsel's negligence results in a conviction or sentence unauthorized by law. To support this proposed modification to the general rule, Skindzelewski first cites court of appeals decisions from foreign jurisdictions recognizing narrow exceptions for cases involving sentences beyond statutory maximums. Relying primarily on Johnson v. Babcock, 136 P.3d 77 (Or. Ct. App. 2006) and Powell v. Associated Counsel for Accused, 106 P.3d 271 (Wash. Ct. App. 2005), Skindzelewski suggests the actual innocence rule should not apply when a circuit court imposes a sentence it had no authority to order.

¶13 In Johnson v. Babcock, the plaintiff's criminal defense attorney did not object to the imposition of a sentence more than 20 years longer than authorized by statute. Johnson, 136 P.3d at 78. The Oregon Court of Appeals held that actual innocence was not a necessary element of the criminal defendant's legal malpractice claim because he received a "legally impermissible sentence." Id. at 81. Similarly, in Powell, the Washington Court of Appeals did not require proof of actual innocence because the criminal defendant's sentence was 300 percent longer than the statutory maximum for his crime. Powell, 106 P.3d at 272. The Powell court deemed the situation "unfair." Id. at 274. Distinguishing that case from Skindzelewski's, the criminal defendant in Powell had "no quarrel with having been incarcerated for the period of time justified by the" crime to which he pled guilty. Id.

¶14 Skindzelewski's reliance on these cases to support his proposed exception is misplaced. As a preliminary matter, neither

8

of these cases applied an exception to the actual innocence rule based on a failure to raise an affirmative defense and we have not discovered a single case that has done so. The statute of limitations is an affirmative defense in both the civil and criminal context. See Robinson v. Mount Sinai Medical Center, 137 Wis. 2d 1, 16-17, 402 N.W.2d 711 (1987); State v. Slaughter, 200 Wis. 2d 190, 198, 546 N.W.2d 490 (Ct. App. 1996) ("Statutes of limitation generally, as in the present case, act as an affirmative defense."). Rather, Johnson and Powell each recognized an exception to the actual innocence rule in the extraordinarily narrow context of a guilty defendant whose sentence exceeded the statutory limit applicable to the crime of which he was convicted. See Johnson, 136 P.3d at 78; Powell, 106 P.3d at 273-74. Unlike the plaintiff in Powell, Skindzelewski does "quarrel with having been incarcerated" even though the approximately four months of his sentence he spent in jail falls within the nine-month statutory maximum for the Class A misdemeanor he admits having committed. See Wis. Stat. § 939.51(3)(a). Skindzelewski argues that his criminal defense attorney's failure to raise the statute of limitations resulted in a legally impermissible conviction, thereby challenging the conviction itself, not the period of incarceration. In contrast, neither of the plaintiffs in the cases cited by Skindzelewski argued that their underlying convictions were erroneous.

¶15 Skindzelewski also relies on Hilario v. Reardon, 960 A.2d 337 (N.H. 2008), but the plaintiff in that case, just like the plaintiffs in Johnson and Powell, did not challenge the

9

conviction. In <u>Hilario</u>, the New Hampshire Supreme Court adopted an exception to the actual innocence rule for a criminal defendant who pled guilty under an agreement with the State to recommend suspending part of his sentence upon certain conditions being met. <u>Hilario</u>, 960 A.2d at 339. The defendant's attorney, without the defendant's knowledge, moved to withdraw the plea. <u>Id.</u> When the defendant later moved for suspension of his sentence, the State objected, citing the attorney's plea withdrawal attempt as a breach of the plea agreement. <u>Id.</u> The trial court agreed with the State and denied the defendant's motion. <u>Id.</u> In response, the defendant filed a legal malpractice suit against his defense counsel. <u>Id.</u> The New Hampshire Supreme Court reaffirmed the application of the actual innocence rule in legal malpractice actions "challeng[ing] the underlying conviction, [or] tend[ing] to undermine or indirectly challenge it." <u>Id.</u> at 343 (citations omitted). That court recognized an exception to the rule only "where the alleged legal malpractice occurred <u>after the plea and sentencing</u>, where the claim is unrelated to any strategic or tactical decision relating to the plaintiff's convictions, and where <u>the plaintiff does not argue</u> that but for his attorney's negligence he would have obtained a different result in the criminal case." <u>Id.</u> at 345 (emphasis added).

¶16 Neither prerequisite to New Hampshire's application of this exception to the actual innocence rule exists in Skindzelewski's case. The legal malpractice by Skindzelewski's criminal defense attorney——a failure to assert the statute of limitations as a defense to the criminal charge——arose prior to

10

the plea and sentencing. Unlike the defendant in Hilario, Skindzelewski does argue, as reflected in his civil complaint, that but for his attorney's negligence, he would have obtained a different result——namely, Skindzelewski "could not have been convicted and wrongfully incarcerated." In this case, Skindzelewski challenges his conviction, a circumstance under which the New Hampshire Supreme Court would leave the actual innocence rule intact and fully applicable.

¶17 Unlike the cases on which Skindzelewski relies, all of which involved errors committed by counsel after conviction, Skindzelewski's claim rests on a legal error that would have precluded his conviction notwithstanding his guilt. In this regard, a criminal defense attorney's failure to raise the statute of limitations as an affirmative defense is analogous to a failure to make a meritorious motion to suppress evidence. The court of appeals in Hicks held that even when a conviction results from an attorney's failure "to bring a clearly meritorious motion to suppress evidence that establishes guilt, which the state could not prove without it[,]" the actual innocence rule applies. Hicks, 253 Wis. 2d 721, ¶43. During oral argument, Skindzelewski's counsel acknowledged that a criminal defendant could not sue his counsel for failing to make a motion to suppress that would have been granted if brought, even if an acquittal would have necessarily followed. The law bars such legal malpractice claims because even if an attorney's negligence harms a defendant by adversely affecting the outcome of the case, attorney error does not negate a guilty defendant's culpability. Neither failing to

11

make a motion to suppress nor failing to raise the statute of limitations severs the causal link between a criminal defendant's culpable behavior and the time spent incarcerated, when the criminal defendant is actually guilty. Regardless of the attorney's error, the defendant nonetheless bears ultimate responsibility for his criminal conduct and consequent imprisonment.

¶18 In contrast, if a defendant——like the defendants in Johnson and Powell——serves the maximum time authorized by statute for his criminal conduct but then serves additional time as a result of his attorney's error, the additional time of incarceration is causally unconnected to the antecedent criminality. In other words, any period of incarceration in excess of the statutory maximum sentence is solely attributable to the attorney's error and completely detached from the defendant's criminal conduct. Similarly, losing the benefit of a plea deal that includes a sentence suspension, as occurred in Hilario, is solely attached to the attorney's error and entirely unrelated to the defendant's criminal behavior.

¶19 Skindzelewski attempts to distinguish an attorney's failure to raise the statute of limitations as an affirmative defense from an attorney's failure to make a suppression motion. First, he argues that the expiration of the statute of limitations divests a court of jurisdiction over the defendant. Second, he asserts that the statute of limitations confers a right on the defendant to be free from prosecution. The former has no merit

and we reject the latter as a basis for recognizing an exception to the actual innocence rule.

¶20 While the running of the applicable statute of limitations in a criminal case eliminates a court's personal jurisdiction over the defendant, see State v. Muentner, 138 Wis. 2d 374, 382, 406 N.W.2d 415 (1987), a criminal defendant forfeits his objection to personal jurisdiction by failing to object before sentencing and conviction. Kelley v. State, 54 Wis. 2d 475, 479, 195 N.W.2d 457 (1972); Godard v. State, 55 Wis. 2d 189, 190-91, 197 N.W.2d 811 (1972) (violation of a statutory requirement caused a court to lose personal jurisdiction over the defendant, but the defendant's subsequent guilty plea waived the objection to personal jurisdiction); State v. Asmus, 2010 WI App 48, ¶4, 324 Wis. 2d 427, 782 N.W.2d 435 ("[A] defense of lack of personal jurisdiction is waived by pleading to the information." (citation omitted)). Because the law forecloses a remedy for a criminal defendant who forfeits an objection based upon a lack of personal jurisdiction, it would be incongruous to revive the forfeited objection in a civil case as a basis for a civil remedy.

¶21 Skindzelewski next argues that the statute of limitations confers a right to be free from prosecution. Even if this proposition were true, the right would be merely a statutory one. Skindzelewski concedes that Hicks did not establish any exception to the actual innocence rule for a claim of legal malpractice based on the violation of a constitutional right. It would be nonsensical to create a right of recovery for the violation of a statutory right while withholding recovery for the

13

violation of a constitutional right. In criminal proceedings, "constitutional protections are to safeguard against conviction of the wrongly accused . . . . They are not intended to confer any direct benefit outside the context of the criminal justice system." Hicks, 253 Wis. 2d 721, ¶43 (quoted source omitted). The same principle applies to statutory safeguards, such as statutes of limitation.

¶22 Skindzelewski took money from his victim in advance payment for work he never performed. Instead of returning the money, Skindzelewski converted it to his own use. Skindzelewski pled guilty to the crime of theft-by-contractor. Once postconviction counsel discovered the statute of limitations had lapsed prior to the State charging Skindzelewski, he was released from jail after serving only a portion of his sentence. Despite his guilt, the law afforded Skindzelewski a remedy for the erroneous conviction——namely, his liberty. The law does not, however, give him an additional monetary remedy against his negligent lawyer. Doing so would be tantamount to rewarding this guilty defendant for his crime, which "would . . . shock the public conscience, engender disrespect for courts and generally discredit the administration of justice." Hicks, 253 Wis. 2d 721, ¶40 (quoting Wiley, 966 P.2d at 986).

## IV. CONCLUSION

¶23 Skindzelewski failed to satisfy his burden of establishing a compelling reason to change existing law. The actual innocence rule is premised on the fundamental principle that society imposes consequences for criminal acts, to be borne

14

solely by the guilty. Nothing about Skindzelewski's case warrants carving out an exception to the actual innocence rule under these facts. The law does not recognize a cause of action for a criminal defendant against his attorney merely because a more competent attorney could have achieved a better result. We affirm the court of appeals decision affirming the circuit court's grant of summary judgment in Skindzelewski's legal malpractice suit because he conceded his guilt to the crime of which he was convicted. Because Skindzelewski conceded guilt, his claim of legal malpractice against his criminal defense attorney is legally barred.

*By the Court.*—The decision of the court of appeals is affirmed.

¶24 ANN WALSH BRADLEY, J., withdrew from participation.

¶25 BRIAN HAGEDORN, J. *(concurring)*. In almost every case that reaches this court, we are called upon to interpret and apply the positive law enacted by the people——the Constitution, statutes, and the like. This case, in contrast, comes as an entreaty for the judiciary to make a public policy declaration in the exercise of our common law powers.

¶26 David Skindzelewski pled guilty to a crime, and served time because his criminal defense attorney failed to raise a statute of limitations defense that would have precluded his conviction. Following his release, Skindzelewski brought this legal malpractice action against that attorney. The majority says he cannot succeed, relying principally on Hicks v. Nunnery, 2002 WI App 87, 253 Wis. 2d 721, 643 N.W.2d 809. There, the court of appeals made a sweeping public policy declaration——namely, in a legal malpractice action against a criminal defense attorney, a plaintiff must prove he was actually innocent of the convicted crime. Id., ¶46. The wrinkle in this case is that Skindzelewski does not ask us to modify Hicks or otherwise challenge its reasoning. He asks instead for this court to create an exception to the actual innocence rule Hicks pronounced.

¶27 The difficulty I see in this case, however, is that I'm not so sure Hicks was rightly decided in the first instance. The usual approach in our line of work is to leave public policy decisions to the legislature. Flynn v. DOA, 216 Wis. 2d 521, 539, 576 N.W.2d 245 (1998) ("This court has long held that it is the province of the legislature, not the courts, to determine public policy."). Although I do not question our authority to act as a

1

common law court in narrow areas, a broad public policy pronouncement like the one in Hicks is probably best left to those elected to be policymakers——the legislature. Borgnis v. Falk Co., 147 Wis. 327, 351, 133 N.W. 209 (1911) ("When acting within constitutional limitations, the legislature settles and declares the public policy of a state, and not the court.").

¶28 We might consider eliminating the Hicks rule and allowing criminal legal malpractice claims to undergo the standard rigors of any other legal malpractice claim. Success requires the plaintiff to prove: "(1) a lawyer-client relationship existed; (2) the defendant committed acts or omissions constituting negligence; (3) the attorney's negligence caused the plaintiff injury; and (4) the nature and extent of injury." Hicks, 253 Wis. 2d 271, ¶33. The factfinder determines if these elements are met. See Morgan v. Pa. Gen. Ins. Co., 87 Wis. 2d 723, 732-33, 275 N.W.2d 660 (1979). This includes a determination under the causation element that the allegedly negligent attorney's actions were a substantial factor in producing the plaintiff's injury. Id. at 735. It may be that the jury in this case would find that the negligence of Skindzelewski's attorney was not a substantial factor, or that Skindzelewski is not entitled to any damages because of his admission that he committed the crime. See Mashaney v. Bd. of Indigents' Def. Servs., 355 P.3d 667, 687-88 (Kan. 2015) (Stegall, J., concurring) (agreeing with the Kansas Supreme Court's rejection of the actual innocence rule and suggesting "the jury may decide that even had the defense attorney not been

2

professionally negligent the criminal defendant would still have been convicted due to his actual guilt").

¶29 Similarly, eliminating the actual innocence rule would leave space for the circuit court to make an independent public policy determination. Miller v. Wal-Mart Stores, Inc., 219 Wis. 2d 250, 264, 580 N.W.2d 233 (1998). While Hicks pronounced a policy-based rule with statewide application, judicial public policy determinations are normally conducted "on a case-by-case-basis."[1] Fandrey ex rel. Connell v. Am. Family Mut. Ins. Co., 2004 WI 62, ¶16, 272 Wis. 2d 46, 680 N.W.2d 345 (quoted source omitted). The individualized approach, one that empowers juries and individual circuit courts to look at the unique facts of each case, may be preferable to a blanket rule in this area.

¶30 On the other hand, I'm not so sure Hicks is wrong either. Underlying Hicks is a sense that criminal law is different from civil law. The principle here is that when someone commits a crime, it is an act against society, and those who commit crimes

---

[1] This court has traditionally articulated six public policy reasons for not imposing liability despite a finding of negligence:

> (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tort-feasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tort-feasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point.

Coffey v. City of Milwaukee, 74 Wis. 2d 526, 541, 247 N.W.2d 132 (1976) (citations omitted).

3

should not receive the recompense for their attorneys' errors in the same way a civil litigant can seek recovery. Hicks, 253 Wis. 2d 721, ¶41 ("Allowing civil recoveries to guilty plaintiffs 'impermissibly shifts responsibility for the crime away from the convict.'" (quoted source omitted)). The guiding moral principle is that those who commit crimes are always the primary cause of any resulting criminal punishment notwithstanding errors by their attorney. Id. ("Regardless of the attorney's negligence, a guilty defendant's conviction and sentence are the direct consequence of his own perfidy . . . ." (quoted source omitted)).

¶31 If the animating rationale of Hicks is correct, and its result is therefore correct too, I do not see why we would entertain any exceptions to it. This is where I part ways with the majority. If the moral foundation of the actual innocence rule pronounced in Hicks is sound, then the distinctions the majority makes do not seem relevant. The majority suggests the fact that a statute of limitations is an affirmative defense is relevant to whether an exception should be granted. But what does that have to do with the moral culpability of a criminal? I am also unpersuaded by the majority's efforts to distinguish cases where someone serves a sentence longer than is allowed by law from a case like this where a person never should have served a single day in prison had his attorney not been negligent. Time in prison that should not have been served had the state's laws been followed all looks the same to me, as Skindzelewski persuasively argues here. I fail to see how the normative claims underlying the actual innocence rule leave room for that type of hair-splitting.

4

¶32 In sum, while I would entertain a rethinking of <u>Hicks</u>, Skindzelewski does not ask us to do that here. Without briefing and argument on these matters, I must accept the status quo; that means accepting <u>Hicks</u> as our starting point. I see no principled reason to distinguish this case from the rationale of <u>Hicks</u>, and I therefore cannot with consistency craft an exception to the actual innocence rule. Thus, although I do not join the majority's rationale, I concur in the mandate.

¶33 REBECCA FRANK DALLET, J. *(dissenting)*. David Skindzelewski spent 122 days in prison as the result of his defense counsel's negligence in failing to identify that the prosecution against him was barred by the statute of limitations.[1] The conviction was vacated once defense counsel's negligence was discovered, and Skindzelewski subsequently filed a legal malpractice claim. Although defense counsel conceded his negligence, the circuit court granted his motion for summary judgment on the grounds that Skindzelewski could not prove his "actual innocence," a requirement articulated by the court of appeals in Hicks v. Nunnery, 2002 WI App 87, 253 Wis. 2d 721, 643 N.W.2d 809.[2] Bound by Hicks, the court of appeals in this case affirmed.

¶34 Skindzelewski petitions this court to create an exception to the actual innocence rule, which the majority declines to do. The public policy rationale upon which the Hicks actual innocence requirement was founded does not apply in cases where

---

[1] Skindzelewski was charged in March 2014 with theft by contractor, pursuant to Wis. Stat. § 779.02(5) (2009-10), for conduct that occurred in 2010. Because the amount taken was less than $2,500, it was a Class A misdemeanor, which has a three-year statute of limitations pursuant to Wis. Stat. § 939.74(1).

All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

[2] Generally, "[t]o prevail in a legal malpractice action, a plaintiff must prove four elements: (1) a lawyer-client relationship existed; (2) the [attorney] committed acts or omissions constituting negligence; (3) the attorney's negligence caused the plaintiff injury; and (4) the nature and extent of injury." Hicks v. Nunnery, 2002 WI App 87, ¶33, 253 Wis. 2d 721, 643 N.W.2d 809.

defense counsel's failure to raise a valid statute of limitations defense results in an unlawful conviction. A narrow exception to the actual innocence rule should be established for such cases. Accordingly, I dissent.

¶35 The Hicks court cited to five "policy considerations [it found] to be persuasive and which informed" its decision to require a criminal defendant to prove his or her actual innocence in a legal malpractice action in order to recover.[3] Hicks, 253 Wis. 2d 721, ¶39. Those policy considerations were:

- "permitting a convicted criminal to pursue a legal malpractice claim without requiring proof of innocence would . . . shock the public conscience, engender disrespect for courts and generally discredit the administration of justice";

- responsibility for the crime would impermissibly be shifted away from the plaintiff;

- a guilty criminal has no right to a skillful attorney who may succeed in obtaining an acquittal;

- "civil recovery by a guilty plaintiff is not warranted because of 'the nature and function of the constitutional substructure of our criminal justice system'"; and

- unlike other victims of legal malpractice, a wrongfully convicted plaintiff has the opportunity to assert their Sixth Amendment right to effective assistance of counsel.

Id., ¶¶40-44 (quoted sources omitted).

¶36 The five public policy reasons relied upon by the Hicks court do not apply in a case such as this one, where defense counsel's negligent failure to identify a valid statute of

_____

[3] These considerations emanated from one case in particular, Wiley v. Cty. of San Diego, 966 P.2d 963, 985 (Cal. 1998).

2

limitations defense was the sole cause of Skindzelewski's unlawful conviction. First, Skindzelewski's prosecution and subsequent incarceration was unlawful and thus recovery for the harm caused would not "shock the public conscience" or "engender disrespect for the courts." In fact, to deny that Skindzelewski was harmed is disrespectful of the administration of justice and the legislature's public policy choice to prohibit criminal charges arising from remote misconduct. See John v. State, 96 Wis. 2d 183, 194, 291 N.W.2d 502 (1980).

¶37 Second, allowing Skindzelewski to recover is not "rewarding this guilty defendant for his crime" as the majority suggests, majority op., ¶22, because Skindzelewski was legally innocent and, but for defense counsel's error, he could not have been convicted. Even the majority appears to recognize that conduct "solely attributable to the attorney's error and completely detached from the defendant's criminal conduct" can form the basis of an exception to the actual innocence rule. Majority op., ¶18. Because Skindzelewski could not be convicted, his situation is more akin to an innocent person wrongfully convicted than to a guilty person taking advantage of his wrongdoing.

¶38 Third, the success of Skindzelewski's claim that he was unlawfully convicted had no relationship to the skillfulness of his attorney. Unlike a motion to suppress evidence, which may require a skilled attorney in order to prevail, raising a statute of limitations defense requires only the basic legal competency of reading the statute and bringing it to the attention of the circuit

3

court judge.[4]  Moreover, proving a legal malpractice claim arising from failure to raise the statute of limitations would not be complicated, as no witnesses need to be called or persuasive argument made.  See Kevin Bennardo, A Defense Bar:  The "Proof of Innocence" Requirement in Criminal Malpractice Claims, 5 Ohio St. J. Crim. L. 341, 360-61 (2007).

¶39  Fourth, Skindzelewski's malpractice claim does not arise from defense counsel's failure to assert an alleged constitutional violation, and thus the substructure of the criminal justice system is not protective.  The remedy of suppression and the bar on prosecution beyond the statute of limitations serve different purposes and the majority's attempt to analogize them fails.  The United States Supreme Court has repeatedly held that the sole purpose of the exclusionary rule is "to deter future Fourth Amendment violations."  Davis v. United States, 564 U.S. 229, 236-37 (2011).  On the other hand, criminal statutes of limitations serve to "protect the accused from having to defend himself against charges of remote misconduct" and to "ensure that criminal prosecutions will be based on evidence that is of recent origin." John, 96 Wis. 2d at 194.  While the exclusionary rule accomplishes deterrence of future violations of constitutional rights, release from prison alone does not accomplish the interest in ensuring individuals are not penalized for remote misconduct.

¶40  Finally, the fact that Skindzelewski could raise a Sixth Amendment claim resulting in his release from prison does not

---

[4] In this case, Skindzelewski was facing a basic misdemeanor charge which has a statute of limitations of three years, pursuant to Wis. Stat. § 939.74(1).

4

compensate him for the 122 days that he spent in prison solely due to his defense counsel's negligence. The civil tort system's purpose is to compensate an injured party and make them whole. See Teschendorf v. State Farm Ins. Cos., 2006 WI 89, ¶60, 293 Wis. 2d 123, 717 N.W.2d 258. The majority fails to adequately explain why shifting the burden of defense counsel's malpractice onto Skindzelewski is appropriate under these circumstances. See Bennardo, supra ¶38, at 362 ("Disallowing a guilty defendant from recovering from her negligent lawyer allows the lawyer to escape responsibility for her wrongful conduct and shifts the burden of the malpractice onto her client.").

¶41 A number of courts do not impose an actual innocence public policy requirement in criminal legal malpractice cases and, in those that do, there are several recognized exceptions.[5] In a case relied upon by the Hicks court, the Massachusetts Supreme Court foreshadowed that an exception to the actual innocence requirement could be appropriate in a case such as Skindzelewski's, where defense counsel's negligence caused a defendant to be convicted. See Glenn v. Aiken, 569 N.E.2d 783 (Mass. 1991). The Glenn court distinguished between guilt in fact and legal guilt and stated that it would "be difficult to defend logically a rule

---

[5] Several courts have recognized an exception to the actual innocence exception where a defendant's unlawful sentence is divorced from his or her conduct. See Johnson v. Babcock, 136 P.3d 77 (Or. Ct. App. 2006); Powell v. Associated Counsel for Accused, 106 P.3d 271, 272 (Wash. Ct. App. 2005); see also Hilario v. Reardon, 960 A.2d 337, 345 (N.H. 2008) ("Nor do we agree that using the actual innocence standard to create de facto immunity from malpractice for criminal defense attorneys, no matter the nature of their malpractice, nor when it occurs, so long as the criminal defendant bears some degree of guilt, is sound public policy.").

5

that requires proof of innocence" where "a clear act of negligence of defense counsel was obviously the cause of the defendant's conviction of a crime." Id. at 787 (footnote omitted). In addition, the Seventh Circuit has strongly suggested that proof of actual innocence may not be required in a malpractice claim arising from failure to identify a complete legal defense like the statute of limitations. See Levine v. Kling, 123 F.3d 580, 582 (7th Cir. 1997); see also Susan M. Treyz, Criminal Malpractice: Privilege of the Innocent Plaintiff?, 59 Fordham L. Rev. 719, 728 & n.65, 729 (1991) ("Imposing a requirement of innocence when an attorney has failed to raise a statute of limitations defense shows persuasively how the innocence requirement will hinder valid criminal malpractice claims.").

¶42 Because the rationale for the actual innocence requirement does not apply in Skindzelewski's case, I would create a narrow exception in legal malpractice cases where defense counsel's failure to raise a valid statute of limitations defense results in an unlawful conviction. Accordingly, I would reverse the court of appeals and remand the case to the circuit court with an order to grant Skindzelewski summary judgment on liability and to conduct further proceedings on damages.

¶43 For the foregoing reasons, I respectfully dissent.