COURT OF APPEALS
DECISION
DATED AND FILED

November 18, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP446**

Cir. Ct. No. 2023CV3592

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

MICHELLE DRONSO,

PLAINTIFF-APPELLANT,

V.

MALLERY, S.C.,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: KASHOUA KRISTY YANG, Judge. *Affirmed.*

Before White, C.J., Colón, P.J., and Donald, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Michelle Dronso appeals the order of the circuit court granting a motion to dismiss in favor of Mallery, S.C., and denying Dronso's motion for leave to amend her complaint.  Upon review, we affirm.

## BACKGROUND

¶2     In May 2023, Dronso filed an action against Mallery claiming legal malpractice.  Specifically, Dronso asserted that she hired Mallery to represent her interests in several breach of contract disputes, but Mallery lost documents provided by Dronso regarding those claims.  Dronso alleged that, as a result of this negligence by Mallery, she was unable to fully prosecute her breach of contract claims with successor counsel.

¶3     Mallery filed a motion to dismiss the matter in July 2023, on the grounds that Dronso failed to state a claim for which relief can be granted, pursuant to WIS. STAT. § 802.06(2)(a)6. (2023-24).[1]   Mallery contended that Dronso's legal malpractice claim was insufficiently pled.  In particular, Mallery argued that Dronso failed to demonstrate proximate cause between the alleged loss of documents by Mallery and her purported inability to prosecute her breach of contract claims.

¶4     A hearing on the motion to dismiss was held on January 30, 2024. The circuit court agreed that the complaint was insufficiently pled, finding that the complaint did not contain allegations that the missing documents "were absolutely necessary to make [Dronso's] case[s]," nor did the complaint explain which

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

2

documents were lost, or "how those documents would have assisted [Dronso]" with her breach of contract claims.

¶5 In her brief in response to Mallery's motion to dismiss, Dronso included an email from her successor counsel indicating the difficulties encountered in prosecuting her breach of contract claims without the missing documents. At the hearing, she argued that this email established that Mallery's alleged negligence was the proximate cause of her losses in the breach of contract claims.

¶6 However, the circuit court pointed out that the email by successor counsel was not referenced in the complaint, or incorporated in any way. The court reminded Dronso that in deciding a motion to dismiss, review of the complaint is generally limited to the four corners of that complaint. Dronso then orally moved for leave to amend her complaint to incorporate the email from her successor counsel.

¶7 Mallery objected, noting that they were beyond the six-month time frame where a party may amend a pleading as a matter of course. *See* WIS. STAT. § 802.09(1). Mallery argued that it had raised the deficiencies of Dronso's complaint in its motion to dismiss, which was filed two months after the complaint—well within the six-month time period where Dronso could have amended her complaint.

¶8 The circuit court also questioned Dronso as to why she did not amend the complaint within the six-month time frame. Dronso cited negotiations between the parties that occurred during that six-month period, which were

ultimately unsuccessful.[2]  The court found that this was not a sufficient reason for the delay in seeking to amend the complaint, and put Mallery in an "unfair position" having to respond to an oral motion.  The court therefore denied Dronso's motion for leave to amend her complaint.  This appeal follows.

## DISCUSSION

¶9      On appeal, Dronso argues that the circuit court improperly granted Mallery's motion to dismiss, and erroneously exercised its discretion in denying Dronso's motion for leave to amend her complaint.

*Motion to Dismiss*

¶10      We first address the motion to dismiss.  "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint."  ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted).  Whether a complaint states a claim upon which relief can be granted is a question of law that this court reviews independently, although we may "benefit from discussions of the … circuit court."  ***Id.***, ¶17.

¶11      In reviewing a motion to dismiss, the court will "accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom."  ***Id.***, ¶19.  However, the court "cannot add facts in the process of construing a complaint."  ***Id.***  Furthermore, legal conclusions stated in the complaint will not be accepted as true, and "they are insufficient to enable a complaint to withstand a

---

[2]  We note that briefing on the motion to dismiss was stayed while the parties engaged in negotiations.  Dronso's response brief, which included the email from her successor counsel, was filed December 26, 2023, over a month after the six-month statutory deadline for amending the complaint as a matter of course, which fell on or about November 17, 2023.

motion to dismiss." ***Id.*** In other words, a plaintiff "must allege facts that, if true, plausibly suggest a violation of applicable law." ***Id.***, ¶21.

¶12 Dronso's complaint alleges legal malpractice by Mallery. The elements of a legal malpractice claim that must be proven by a plaintiff are: "(1) an attorney-client relationship existed; (2) the attorney's actions were negligent; (3) the attorney's negligent actions caused the client's injury; and (4) the client suffered an actual injury." ***Skindzelewski v. Smith***, 2020 WI 57, ¶9, 392 Wis. 2d 117, 944 N.W.2d 575.

¶13 In her complaint, Dronso alleged that she met with attorneys at Mallery in August 2018 regarding breach of contract disputes in three different matters. Dronso further alleged that these claims were worth in excess of $700,000.

¶14 Dronso next alleged that in January 2021 she received a call from the attorneys at Mallery, during which they "indicated" to Dronso that they "did not feel strongly about [her] cases anymore." Dronso stated that after that call, she learned that Mallery "now only had four (4) documents in [her] entire file."

¶15 Dronso retained new counsel to prosecute her breach of contract claims. She alleged that she accepted a $10,000 settlement for one of the claims, received nothing for another of the claims, and was required to pay $60,000 for the third claim. She further alleged that as a result of the lost documents, her successor counsel's ability to prosecute the actions was "severely compromised," and that had successor counsel had the missing documents, "he would have achieved a greater result" for Dronso.

¶16    In a motion to dismiss, "[f]actual assertions are evidenced by statements that describe: 'who, what, where, when, why, and how.'" **Data Key Partners**, 356 Wis. 2d 665, ¶21 n.9 (citation omitted). As the circuit court pointed out, Dronso's complaint did not contain several of these key components, such as what documents were missing and what information they contained, why the missing documents were critical to her breach of contract disputes, and how they would have assisted her successor counsel to achieve better results in those matters. Nor did Dronso explain in the complaint why she could not obtain copies of the documents that were missing.

¶17    In short, Dronso failed to make factual allegations that Mallery's negligence in losing her documents caused her harm in the form of the failed breach of contract claims. *See* **Skindzelewski**, 392 Wis. 2d 117, ¶9. Rather, the complaint contains only legal conclusions that the missing documents caused harm, which are insufficient for purposes of successfully withstanding a motion to dismiss. *See* **Data Key Partners**, 356 Wis. 2d 665, ¶19.

¶18    Furthermore, although Dronso included the email from successor counsel in her response to the motion to dismiss, "submissions by a plaintiff showing facts not alleged in the complaint do not 'cure' a pleading deficiency." **Broome v. DOC**, 2010 WI App 176, ¶12, 330 Wis. 2d 792, 794 N.W.2d 505. Indeed, as the circuit court noted, the review of a complaint on a motion to dismiss is generally limited to the four corners of that complaint. *See* **Pagoudis v. Keidl**, 2023 WI 27, ¶4, 406 Wis. 2d 542, 988 N.W.2d 606.

¶19    Therefore, we conclude that Dronso's complaint was insufficiently pled. As such, the motion to dismiss was properly granted by the circuit court. *See* **Data Key Partners**, 356 Wis. 2d 665, ¶¶17-18.

*Motion for Leave to Amend Complaint*

¶20   We next address the denial of Dronso's motion for leave to amend her complaint, which is the primary focus of Dronso's arguments on appeal.[3] Pursuant to WIS. STAT. § 802.09(1), a party may amend a pleading "once as a matter of course at any time within [six] months after the summons and complaint are filed[.]"  After that time, a party may amend the pleading "only by leave of court," which "shall be freely given at any stage of the action when justice so requires." *Id.*

¶21   "Whether to allow an amendment to a complaint when the party does not have a right to amend under WIS. STAT. § 802.09(1) is a matter within the discretion of the circuit court." *Butcher v. Ameritech Corp.*, 2007 WI App 5, ¶34, 298 Wis. 2d 468, 727 N.W.2d 546 (footnote omitted).  In our review, we will affirm that discretionary decision if the circuit court "applies the correct legal standard to the facts of record in a reasonable manner." *Id.*

¶22   Here, there is no dispute that Dronso did not seek to amend her complaint until after the six-month deadline in WIS. STAT. § 802.09(1).  In fact, Dronso's motion for leave to amend her complaint was presented orally at the hearing on the motion to dismiss, over eight months after the complaint was filed, and only after it became clear that the circuit court believed the complaint was insufficient to withstand the motion to dismiss.

---

[3] Dronso argues that federal case law supports her position on appeal that her motion for leave to amend should have been freely granted by the circuit court in this case.  She thus urges this court to review and rely on federal cases for this opinion.  We decline to do so, as the law in Wisconsin relating to this issue is well established.

¶23     In exercising its discretion regarding a motion for leave to amend a complaint, the circuit court "must balance the interests of the party benefiting by the amendment and those of the objecting party." *State v. Peterson*, 104 Wis. 2d 616, 634, 312 N.W.2d 784 (1981).  For example, the "timing of the motion and the reason for not bringing it sooner are proper factors" that the court may consider in deciding whether to grant a motion for leave to amend the complaint.  *Mach v. Allison*, 2003 WI App 11, ¶25, 259 Wis. 2d 686, 656 N.W.2d 766.

¶24     Here, the circuit court rejected Dronso's reason for not amending her complaint inside of the six-month time frame—that they were engaged in negotiations with Mallery—as insufficient to support her motion for leave to amend her complaint.  Furthermore, the court found that Dronso's delay in seeking to amend the complaint put Mallery in an "unfair position" of having to respond to an oral motion, when Mallery had raised the issue approximately six months earlier in its motion to dismiss.  These findings are supported by the record.

¶25     In short, the circuit court applied the correct legal standard to the facts of record in a reasonable manner.  Therefore, we conclude that the court did not erroneously exercise its discretion in denying Dronso's motion for leave to amend her complaint.  *See Butcher*, 298 Wis. 2d 468, ¶34.

## CONCLUSION

¶26     Therefore, because we conclude that the circuit court properly granted Mallery's motion to dismiss and did not erroneously exercise its discretion in denying Dronso's motion for leave to amend her complaint, we affirm the order of the circuit court dismissing this action.

        *By the Court.*—Order affirmed.

8

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.