RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0264p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SEAN CONWAY,

*Plaintiff-Appellant,*

*v.*

No. 15-5925

PORTFOLIO RECOVERY ASSOCIATES, LLC,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 3:13-cv-00007—Gregory F. Van Tatenhove, District Judge.

Decided and Filed:  October 27, 2016

Before:  MERRITT, BATCHELDER, and ROGERS, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:**  Kenneth J. Henry, Louisville, Kentucky, James H. Lawson, LAWSON AT LAW, PLLC, Louisville, Kentucky, for Appellant.  Joseph N. Tucker, DINSMORE & SHOHL LLP, Louisville, Kentucky, for Appellee.

---

**OPINION**

---

ROGERS, Circuit Judge.  After Sean Conway filed a putative class action suit against Portfolio Recovery Associates, LLC ("PRA") under the Fair Debt Collection Practices Act, and survived a 12(b)(6) motion to dismiss, PRA offered Conway judgment in his favor.  Conway decided against the offer, and shortly after it expired, PRA once again moved to dismiss, this time arguing that, as PRA had offered Conway all the relief he sought, there was no longer a live

1

case or controversy before the court. Heeding the then-governing precedent of this court, the district court dismissed the case for lack of subject matter jurisdiction and entered judgment in Conway's favor, over his objections. Conway now appeals. Because the intervening Supreme Court decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), squarely resolves the central issue of this appeal, and because we have jurisdiction to say so, the district court's dismissal and judgment must be set aside.

The Supreme Court has now made clear that an unaccepted offer of settlement or judgment, like the one PRA made to Conway, generally does not moot a case, even if the offer would fully satisfy the plaintiff's demands for relief. *Campbell-Ewald*, 136 S. Ct. at 672. Although this holding would thus appear to resolve the main issue of this appeal and require us to vacate and remand, as we have already done in similar circumstances, *see Mey v. North Am. Bancard, LLC*, 2016 U.S. App. LEXIS 12618 (6th Cir. Jul. 6, 2016), PRA nevertheless argues that *Campbell-Ewald* does not decide this case, because here, unlike in *Campbell-Ewald*, the district court in dismissing the case simultaneously entered an enforceable final judgment against Conway granting him all the relief he wanted. But as the district court explained at the time, it entered that judgment only because it believed this court's decision in *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567 (6th Cir. 2009), required it to do so. We have since clarified, however, that "*Campbell-Ewald* is inconsistent with our decision in *O'Brien*," and that, under *Campbell-Ewald*, a judgment entered in favor of a plaintiff who has rejected an offer of judgment—like the one at issue here—would be in error. *Mey*, 2016 U.S. App. LEXIS 12618, at *7. Regardless, then, of whether PRA "threw in the towel" by urging judgment in Conway's favor, PRA cannot now rely on that erroneous judgment to moot Conway's case.[1] *Campbell-Ewald* accordingly controls the issue in this appeal, and revives the Article III controversy between Conway and PRA that our decision in *O'Brien* wrongly extinguished.

Despite *Campbell-Ewald*'s clear command in this case, PRA nevertheless argues that this court lacks the jurisdiction to review it, because the district court's final judgment for Conway has already given him all the individual relief he sought. This argument, however, is equally

---

[1]Nor, for that matter, do we need to address the hypothetical left open by *Campbell-Ewald*, *see* 136 S. Ct. at 672, because PRA concedes that its unaccepted tender to Conway did not fully satisfy his individual claim for relief in any case.

unavailing.  Under 28 U.S.C. § 1291 this court generally may exercise jurisdiction over the final decisions of the district courts, *see Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009), and PRA rightly does not quarrel with the conclusion that the district court's decision to dismiss was indeed final.  Instead, PRA argues that the judgment entered in Conway's favor ended his personal stake in the litigation, a stake necessary for this court to retain its jurisdiction, *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333-34 (1980).  But as this court recently explained in *Mey*, a case also reset by *Campbell-Ewald*, a "judgment that should never have been entered" does not snuff out a plaintiff's stake in the underlying litigation.  *Mey*, 2016 U.S. App. LEXIS 12618, at *10.  On the contrary, "an appeal remains alive if the effects . . . of [a district court's order] can be undone," *Al-Dabagh v. Case Western Reserve Univ.*, 777 F.3d 355, 359 (6th Cir. 2015), as they could be here by our vacating and remanding as we did in *Mey*.  Conway therefore retains the same stake he had in this case before it was erroneously cut short by the district court, and this court may now correct that error in light of *Campbell-Ewald*.

Finally, as Conway's suit was erroneously dismissed, there is no need for this court to address the merits of his motion for class certification.  After granting PRA's motion to dismiss for lack of subject matter jurisdiction, the district court dismissed the remainder of the then-pending motions as moot, including Conway's motion for class certification.  However, just as in *Mey*, 2016 U.S. App. LEXIS 12618, at *11, now that *Campbell-Ewald* has made clear that the district court's entry of judgment was in error, it is equally clear that its dismissal of Conway's class claim on mootness grounds was also mistaken.  Thus the appropriate course here, the same that this court took in *Mey*, *see id.* at *11–12, is to give Conway the opportunity to litigate his class claim in the district court.

We therefore vacate the district court's judgment dismissing for lack of jurisdiction and concurrently entering a money judgment.  The case is remanded.