**2026 WI 6**

# Supreme Court of Wisconsin



HEATHER GUDEX,

*Plaintiff-Respondent,*

*v.*

FRANKLIN COLLECTION SERVICE, INC.,

*Defendant-Appellant-Petitioner.*

No. 2022AP1728

Decided March 4, 2026

REVIEW of a decision of the Court of Appeals

Milwaukee County Circuit Court (Frederick C. Rosa, J.) No. 2021CV1965

BRIAN K. HAGEDORN, J., delivered the majority opinion of the Court, in which JILL J. KAROFSKY, C.J., and ANNETTE KINGSLAND ZIEGLER, REBECCA GRASSL BRADLEY, REBECCA FRANK DALLET, and JANET C. PROTASIEWICZ, JJ., joined. REBECCA FRANK DALLET, J., filed a concurring opinion, in which JILL J. KAROFSKY, C.J., and JANET C. PROTASIEWICZ, J., joined. SUSAN M. CRAWFORD, J., filed a dissenting opinion.

¶1 BRIAN K. HAGEDORN, J.  Heather Gudex filed a class action against Franklin Collection Service, Inc. after receiving a letter requesting that she pay an alleged debt. Gudex sent a notice and demand indicating her intent to seek damages on behalf of a putative class. Franklin responded with an offer of relief that Gudex rejected. When the motion for class certification came, Franklin argued the class action for damages was barred because it had offered "an appropriate remedy" to Gudex under WIS. STAT.

§ 426.110(4)(c) (2021–22).[1] The circuit court disagreed and certified the class, relying in part on its determination that the remedy in § 426.110(4)(c) must be offered to the class, and not just the party bringing the suit (here, Gudex). We disagree and hold that when a customer brings a class action for damages under § 426.110(4), § 426.110(4)(c) requires an appropriate remedy be given or agreed to be given to the party bringing suit, not to the putative class. Because its decision relied on an incorrect interpretation of law, the circuit court erroneously exercised its discretion, and we reverse the order granting class certification.

## I. BACKGROUND

¶2      In early 2021, Franklin sent a letter seeking to collect a debt Gudex owed to a third party. The letter read in part: "IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (877) 264-2172." In smaller font, the letter also provided: "When this letter was mailed no attorney has personally reviewed your account." Franklin acknowledges that it sent a version of this letter to others.

¶3      Gudex alleged that she felt "confused" by the letter and "feared that she might be sued." She then met with an attorney and filed a putative class action for damages against Franklin. Gudex sought class-wide statutory damages under the Federal Fair Debt Collection Practices Act ("FDCPA") and class-wide injunctive relief under the Wisconsin Consumer Act ("WCA").[2] Gudex claimed that Franklin violated various provisions of the WCA by providing the false impression that Franklin would sue Gudex. After some discovery, Gudex elected to seek monetary damages for the putative class under the WCA. She sent Franklin a notice and demand to that effect and moved the circuit court for leave to amend her complaint accordingly.

¶4      In response, Franklin offered Gudex relief it thought would constitute "an appropriate remedy" under WIS. STAT. § 426.110(4)(c), and thus prohibit Gudex's class action for damages from proceeding further.

---

[1] All subsequent references to the Wisconsin Statutes are to the 2021–22 version.

[2] 15 U.S.C. §§ 1692–1692p and WIS. STAT. chs. 421–427.

Specifically, Franklin offered individual relief to Gudex consisting of actual damages and the WCA's maximum statutory penalty of $1,000. Franklin further promised that Franklin would not send out any more debt collection letters with the same language, and would enter a voluntary stipulation with Gudex so stating. Gudex rejected Franklin's offer.

¶5 Gudex followed with a motion for class certification seeking monetary and injunctive relief for a class of Wisconsin consumers allegedly injured by Franklin's letter. Franklin objected on several grounds. Among its arguments, Franklin contended that its offer of complete individual relief to Gudex constituted an appropriate remedy under WIS. STAT. § 426.110(4)(c), and therefore Gudex was precluded from maintaining a class action for damages under the WCA.

¶6 The circuit court granted Gudex's motion for class certification. As part of its reasoning, the court rejected Franklin's argument that it had offered an appropriate remedy under WIS. STAT. § 426.110(4)(c). The circuit court concluded that the remedy must be appropriate to the whole class, not just Gudex herself. It reasoned that if Franklin's interpretation were correct, then any class action for damages would be unduly difficult to maintain because potential defendants could simply compensate the lead plaintiff and stop the class action from proceeding. The circuit court reasoned that this contravened the purpose of allowing class actions for WCA violations. Therefore, Franklin's offer of relief to Gudex was not adequate under the statute. After rejecting Franklin's other challenges and concluding that Gudex met the remaining class action requirements, the circuit court certified the class.

¶7 Franklin moved for an interlocutory appeal on the class certification order, which the court of appeals granted. In an unpublished opinion, the court of appeals affirmed. *Gudex v. Franklin Collection Service, Inc.*, No. 2022AP1728, unpublished slip op., ¶1 (Wis. Ct. App. Dec. 3, 2024). It too focused on the public policy favoring class actions, which it thought would be defeated by Franklin's interpretation of WIS. STAT. § 426.110(4)(c). Franklin then petitioned this court for review, which we granted.

## II. DISCUSSION

### A. THE SCOPE OF OUR REVIEW

¶8      Franklin argues that the circuit court erred in granting class certification. The decision to certify a class is generally committed to the judgment and discretion of the circuit court. *McDaniel v. Wis. DOC*, 2025 WI 24, ¶15, 416 Wis. 2d 516, 21 N.W.3d 749. Its decision will be affirmed so long as the court applied the correct law to the relevant facts and reached a reasonable conclusion. *Id.* The interpretation of statutes is a legal question we review independently without deference to the circuit court. *Id.*

¶9      We conclude the circuit court did not apply the proper law when it interpreted WIS. STAT. § 426.110(4)(c) to mean that an appropriate remedy must be offered to both Gudex and the members of the putative class. Given the circuit court's misapplication of the law, which it explicitly relied upon in reaching its class certification decision, we limit our analysis to this issue and reverse the circuit court's order on that basis.

### B. ANALYSIS

¶10      The question before us is one of statutory interpretation. This calls us to focus on "the language of the statutory text, read reasonably, along with relevant statutory context and structure." *Wis. Just. Initiative, Inc. v. WEC*, 2023 WI 38, ¶19, 407 Wis. 2d 87, 990 N.W.2d 122.

¶11      WISCONSIN STAT. § 426.110(4)(c) is located within the Wisconsin Consumer Act, which encompasses all of Chapters 421–427 of the Wisconsin Statutes. Section 426.110 provides various rules and restrictions governing class actions under the WCA.

¶12      Subsection 426.110(1) begins by declaring that a "customer affected by a violation" of the WCA and other related provisions "may bring a civil action on behalf of himself or herself and all persons similarly situated."[3] Subsections (2) and (3) then identify the wrongful conduct that can support a class action under this section, the substance of which is not

---

[3] A "customer" as defined in the WCA "means a person other than an organization . . . who seeks or acquires real or personal property, services, money or credit for personal, family or household purposes." WIS. STAT. § 421.301(17).

pertinent to this discussion. This brings us to subsec. (4), which establishes a series of processes and conditions attendant to a class action under the WCA.

¶13     WISCONSIN STAT. § 426.110(4)(a) provides:

At least 30 days or more prior to the commencement of a class action for damages pursuant to the provisions of this section, any party must:

1.  Notify the person against whom an alleged cause of action is asserted of the particular alleged claim or violation; and

2.  Demand that such person correct, or otherwise remedy the basis for the alleged claim.

WIS. STAT. § 426.110(4)(a).

¶14     This statute places a pre-commencement mandate on "any party" wishing to bring a class action for damages. Here, it is undisputed that Gudex is that party. What must this party plaintiff wishing to file a class action for damages do? She must notify the person against whom the litigation will be brought "of the particular alleged claim or violation." § 426.110(4)(a)1. This necessarily refers to the particular claim or violation that "affected" the customer who intends to bring suit. § 426.110(1). The party must also demand a correction or remedy "for the alleged claim." § 426.110(4)(a)2.

¶15     WISCONSIN STAT. § 426.110(4)(b) then provides the mode by which the notice must be provided to the person who committed or is committing the alleged violation. It says:

Such notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to such person at the place where the transaction occurred, such person's principal place of business within this state, or, if neither will effect actual notice, the department of financial institutions.

§ 426.110(4)(b).

¶16   In short, a customer affected by an alleged claim or violation who wishes to file a class action for damages must first notify the alleged violator in the manner specified in para. (b) and demand a remedy for the violation. All of this must happen at least 30 days before the class action for damages is commenced. Thus, we see right from the beginning a legislatively created window of time to remedy the injuries to a "party"—a "customer affected by a violation" who wishes to file a class action for damages—prior to and apart from class action proceedings.

¶17   This brings us to the disputed provision here. WISCONSIN STAT. § 426.110(4)(c) states:

> Except as provided in par. (e), no action for damages may be maintained under this section if an appropriate remedy, which shall include actual damages and may include penalties, is given, or agreed to be given within a reasonable time, to *such party* within 30 days after receipt of *such notice*.

§ 426.110(4)(c) (emphasis added).

¶18   As an initial matter, this statute provides that "no action for damages may be maintained" if certain conditions are met. *Id.* Here, that means Gudex cannot maintain her class action for damages under this section if the "appropriate remedy" is "given, or agreed to be given within a reasonable time." *Id.*

¶19   The text also references a key timeframe—"30 days after receipt of such notice." *Id.* What notice? This can only be referring to the notice just described in paras. (a) and (b), the one that must be provided by a party 30 days prior to commencing a class action lawsuit for damages. All of this works together. Paragraph (a) describes what an affected customer who wishes to commence a lawsuit must do prior to becoming a plaintiff—and therefore a "party." Paragraph (b) says how that notice must be accomplished. And para. (c) discusses the response to that notice. The symmetry of the timing reinforces this; the person receiving the notice must satisfy the conditions "within 30 days." WIS. STAT. § 426.110(4)(c). This makes sense since the party providing the notice must do so at least 30 days prior to commencing the litigation. WIS. STAT. § 426.110(4)(a). In other words, the party sending the notice needs to give the alleged wrongdoer at least 30 days to provide a remedy prior to filing a class action suit for damages. Paragraphs (a)–(c), then, describe a mandatory pre-lawsuit

mechanism that precludes a party plaintiff from proceeding with a class action suit for damages if the remedial conditions are satisfied.

¶20     Paragraph (c) further specifies that to avoid a class action for damages, "an appropriate remedy" must be "given, or agreed to be given" "to such party." WIS. STAT. § 426.110(4)(c). The question before us is who "such party" refers to. Does it include the entire putative class, or just the prospective party plaintiff—here, Gudex? Gudex argues that the determination of whether "such party" has been offered relief is committed to the discretion of the circuit court on a case-by-case basis. Franklin contends appropriate relief must be offered to the potential party plaintiff alone. Both the circuit court and court of appeals concluded the remedy must go to the entire class based on their sense of the legislative public policy in favor of class actions. Neither court, however, endeavored to interpret the statutory language in context. The statutory text is quite clear who "such party" is.

¶21     As we have explained, paras. (a)–(c) work together; there is no other way to read them. The prospective party plaintiff must provide notice to a prospective defendant prior to commencing suit, which affords the potential defendant an opportunity to remedy the problem. The "any party" in WIS. STAT. § 426.110(4)(a) is, necessarily, the party seeking to commence the lawsuit and who must send pre-litigation notice. This is who the phrase "such party" in WIS. STAT. § 426.110(4)(c) is referring to. The party sending the notice starts the 30-day clock on the potential defendant who first receives "such notice" and then must give or agree to give an appropriate remedy "to such party."

¶22     Translating the statutory rules to this case is straightforward. Gudex is the "party" who intended to and then did bring a class action lawsuit for damages. Franklin is the defendant. Paragraph (c) says that the class action suit for damages may not be maintained if Franklin gave or agreed to give an appropriate remedy to the party who sent the notice. The litigation-commencing and notice-sending party is Gudex, and Gudex alone.[4]

---

[4] The statute also permits "the administrator"—the secretary of financial institutions—to commence a class action for damages or join the customer's action as a party plaintiff. WIS. STAT. §§ 426.110(1) and 426.103. The secretary has not commenced this action nor joined Gudex's action, and therefore we need not address the nature of the appropriate remedy under the process in § 426.110(4)(c)

¶23 Lest there be any remaining doubt, the additional provisions of § 426.110(4) confirm this. WISCONSIN STAT. § 426.110(4)(d) provides:

Except as provided in par. (e), no action for damages may be maintained under this section upon a showing by a person against whom the alleged claim or violation is asserted that all of the following exist:

1. All customers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made;

2. All customers so identified have been notified that upon their request such person shall make the appropriate remedy;

3. The remedy requested by such customers has been or in a reasonable time will be given; and

4. Such person has ceased from engaging, or if immediate cessation is impossible under the circumstances, such person will, within a reasonable time, cease to engage in any acts on which the alleged claim is based.

§ 426.110(4)(d).

¶24 Like para. (c), para. (d) states that "no action for damages may be maintained" if certain conditions are met. *Id.* So it contains a second set of conditions that, if satisfied, preclude the maintenance of a class action for damages.

¶25 Paragraph (d) also introduces us to the "customers similarly situated." WISCONSIN STAT. § 426.110(1) explains that a "customer affected by a violation" can "bring a civil action on behalf of himself or herself and all persons similarly situated." These similarly situated customers are, of

_____

when the administrator brings or joins the action. Our analysis is confined to the circumstances here, where the "party" commencing the class action lawsuit is a "customer."

course, those customers who would be part of the putative class. The conditions in para. (d) include identification of "All customers," notification of "All customers," and the provision of or agreement to provide an "appropriate remedy" that has been "requested by such customers." WIS. STAT. § 426.110(4)(d)1.–3. Therefore, the remedy in para. (d) is explicitly aimed at the class. Unlike para. (c), para. (d) does not contain a time limit and therefore appears to be available at any time during the litigation.

¶26     In addition, the use of the word "such" in this paragraph and throughout WIS. STAT. § 426.110(4) follows a familiar pattern. A subject is named, and then referred to later by use of the modifier "such." For example, as we explained, the notice referred to in paras. (a) and (b) is referred to as "such notice" in para. (c). Similarly, para. (b) uses the phrase "such person," but does not mention who the person is. We find the antecedent in a previous portion of the statute, para. (a), which tells us that "such person" is the person against whom the complaint is made. Paragraph (d) likewise uses "such person" three times, referring to the person against whom the claim is made. Paragraph (d) also describes the customers similarly situated as "such customers." Given this pattern, it is clear that the primary question before us—the meaning of "such party" in para. (c)—refers to the "party" previously mentioned in para. (a).

¶27     Putting this all together, paras. (a)–(c) describe a mandatory process that allows a prospective defendant to a class action for damages under this section to make a prospective party plaintiff whole and avoid the class action altogether. Paragraph (d) prohibits a class action for damages from proceeding when—among other things—all customers similarly situated have been identified and notified, and when a remedy requested by the class will be given. It would be inconsistent with the statutory scheme, then, to read "such party" in para. (c) as including the whole class when the statute uses different language, a different reference, and a different process for the remedy to the class in para. (d).

¶28     The final provision in § 426.110(4), para. (e), discusses "the customer" amending "his or her" complaint. WIS. STAT. § 426.110(4)(e). We again see in this a clear reference to the party commencing the suit as distinct from the putative class members. Among other things, para. (e) provides that paras. (c) and (d) apply if the customer requests damages. *Id.* Thus, although para. (c) would ordinarily apply pre-suit if the action includes a claim for damages, para. (e) effectively gives the defendant the

opportunity to foreclose a class action for damages following an amended complaint through either the mechanism of para. (c)—the provision of an appropriate remedy to the party plaintiff—or para. (d)—the provision of an appropriate remedy to the class.

¶29 Gudex counters that a putative class can sometimes be a "party." Maybe so, but in the context of this statute, para. (c) explicitly references "such party." And this unambiguously refers to the "party" from para. (a)—that is, the party who wishes to file a class action for damages. The statute is clear that Franklin is required to give or agree to give "an appropriate remedy" to the particular party who notified Franklin pursuant to paras. (a)–(b). That is Gudex, not the putative class.[5]

¶30 Gudex also points to the reasoning of the circuit court and court of appeals, both of which concluded that the policy of allowing class action lawsuits in Wisconsin would be frustrated by Franklin's interpretation of para. (c). It is true our interpretation of para. (c) means that a class action for damages may be stopped before it even begins, provided an appropriate remedy has been given or will be given to the party plaintiff. But that is what the text plainly says and means. The text does not contain an unrestrained endorsement of class actions. A better view of the statutory policy choice is that the legislature chose to incentivize making an affected customer whole as quickly as possible, while still preserving access to the class action lawsuit if the customer does not receive an appropriate remedy. The legislature provided a strong incentive for a defendant like Franklin: make an injured party whole now, or face a costly and time-consuming class action proceeding that may require you to provide a remedy to a much larger group later.[6] Moreover, the statute still allows a class action for injunctive relief to proceed under WIS. STAT. § 426.110(4)(e). The limitation

---

[5] The dissent suggests our interpretation is inconsistent with the FDCPA and the approach used by other states. Dissent, ¶¶67–70. However, WIS. STAT. § 426.110(4)(c) has no parallel in the FDCPA, and the dissent cites no federal or state cases interpreting analogous provisions. Thus, the dissent's critique misses the mark. It should come as no surprise that different laws with different language can produce different outcomes.

[6] Any other similarly situated customer would have the same right to demand and seek a remedy, or pursue a class action for damages.

occasioned by the provision of an appropriate remedy under para. (c) is limited to a class action "for damages."

¶31     In this case, the circuit court based its decision to certify the class in part on its legal conclusion that WIS. STAT. § 426.110(4)(c) requires a potential defendant to provide or agree to provide an appropriate remedy to the class, not just the party plaintiff. We disagree and hold that when a customer brings a class action for damages under § 426.110(4), § 426.110(4)(c) requires an appropriate remedy be given or agreed to be given to the party bringing suit, not to the putative class. Here, that means Franklin may avoid the class action for damages if it gives or agrees to give appropriate relief within the meaning of the statute to Gudex herself. Given the incorrect legal basis underlying the circuit court's decision to certify the class, the circuit court did not apply the proper law and erroneously exercised its discretion.[7]

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

---

[7] Gudex argues that even if Franklin's interpretation of WIS. STAT. § 426.110(4)(c) is correct, we should affirm the circuit court's order on alternative grounds—for example, that the remedy offered was facially inadequate and that it does not affect claims under the FDCPA. For its part, Franklin urges us to reach additional issues. Among its arguments, Franklin contends we should conclude its remedial offer to Gudex was an appropriate remedy under § 426.110(4)(c), that Gudex's FDCPA claims are moot, and that Gudex lacked standing to bring her claims. We decline to address these issues and leave consideration of these and any alternative arguments to the circuit court on remand.

REBECCA FRANK DALLET, J., with whom JILL J. KAROFSKY, C.J., and JANET C. PROTASIEWICZ, J., join, concurring.

¶32    I agree with the majority that when WIS. STAT. § 426.110(4)(c) says that a class action for damages "may [not] be maintained under this section if an appropriate remedy . . . is given, or agreed to be given within a reasonable time, to such party," "such party" refers to the named plaintiff in a putative class action, not the class as a whole. *See* majority op., ¶31. I write separately, however, to emphasize that this provision is not a get-out-of-class-certification-free card, and to explain some of the important limitations on how and when § 426.110(4)(c) can be raised.

¶33    In the circuit court, Franklin argued that Gudex's motion for class certification must be denied because it offered her an "appropriate remedy,"[1] and thus that the case could not "be maintained" under § 426.110(4)(c). Put more simply, Franklin contended that class certification is always improper whenever § 426.110(4)(c) applies.

¶34    That argument is flawed for at least two reasons. First, it overstates what § 426.110(4)(c) does. Section 426.110(4)(c) (emphasis added) says only that "no action *for damages* may be maintained *under this section*" if an appropriate remedy is given or agreed to be given. "[N]o action for

---

[1] The remedy Franklin offered included all available actual damages, the maximum statutory damages, and so-called "universal injunctive relief." The injunctive relief the company offered, however, was not universal. Franklin in fact offered a stipulated injunction "to be entered . . . between Franklin and the named plaintiff, individually, pursuant to WIS. STAT. § 426.109(1), that Franklin is henceforth restrained from sending collection letters, to anyone, containing" the language that Gudex argued violated the Wisconsin Consumer Act. That relief is not universal, since the stipulated injunction would run only between Gudex and Franklin, and thus could only be enforced by Gudex, not by any of the putative class members or non-parties who might receive such notices in the future. *See Dalton v. Meister*, 84 Wis. 2d 303, 311, 267 N.W.2d 326 (1978) (explaining that "[i]njunctions operate in personam" and thus bind only those who are within "the court's jurisdiction"). In any event, even if Franklin had offered universal injunctive relief, it would be irrelevant. That is because Gudex could have continued to pursue an action for injunctive relief even if § 426.110(4)(c) applied because that statute bars only her damages claim under § 426.110(1). *See* § 426.110(4)(e).

damages," means that when § 426.110(4)(c) applies, it does not bar a plaintiff from continuing to pursue a class action for other relief, such as an injunction. *See* § 426.110(4)(e). And "under this section" means that a plaintiff may still pursue a damages class action under any statute other than § 426.110(1) of the Wisconsin Consumer Act. Thus, even if § 426.110(4)(c) bars a damages claim under § 426.110(1), class certification might still be warranted if an action involves one or more of these other claims.

¶35 Second, and more fundamentally, Franklin's argument that class certification must be denied whenever § 426.110(4)(c) applies misunderstands what that statute actually is, and how and when it can be raised. Section 426.110(4)(c) says nothing whatsoever about the availability of class certification. Instead, it states that "no *action* for damages *may be maintained*" if an appropriate remedy is provided to the plaintiff within the requisite time period. *See id*. (emphasis added). In doing so, the statute creates an affirmative defense, "new facts and arguments that, if true, will defeat the plaintiff's . . . claim even if all allegations in the complaint are true." *State v. Watkins*, 2002 WI 101, ¶39, 255 Wis. 2d 265, 647 N.W.2d 244 (defining affirmative defenses (quoting another source) (emphasis omitted)). We know that § 426.110(4)(c) is an affirmative defense because it mirrors the language the legislature used in adopting other affirmative defenses. For example, WIS. STAT. § 893.75 (emphasis added) creates an affirmative defense of statute of limitations when it says that "*no action* or proceedings," regardless of their underlying merits, "*may be maintained* to test the validity of" certain municipal contracts unless they are "commenced within 60 days after the date of the signing of the contract[s]." Numerous other statutes use virtually identical language in creating other affirmative defenses, stating that "[n]o action may be maintained," if the defense applies.[2] This language, particularly the word "maintained," makes

---

[2] *See also* WIS. STAT. § 553.51(4) ("*No action may be maintained* against any person to enforce any liability under this section" of Wisconsin's Franchise Investment Law "unless it is brought before the expiration of 3 years after the act or transaction constituting the violation . . . or 90 days after delivery to the franchisee of a written notice . . . that discloses any violation of this chapter . . . , whichever first expires" (emphasis added)); WIS. STAT. § 893.07(2) ("[N]*o action may be maintained* in this state" on a "foreign cause of action" if "the applicable Wisconsin period of limitation has expired" (emphasis added)); WIS. STAT. § 185.53(4) ("*No action may be maintained* to invalidate any amendment" to a cooperative's articles "because of its manner of adoption unless commenced

clear that if the affirmative defense applies, that is a basis for dismissing the action on the merits. *See, e.g., Wenke v. Gehl Co.*, 2004 WI 103, ¶¶3–4, 274 Wis. 2d 220, 682 N.W.2d 405 (affirming a decision granting summary judgment pursuant to a statute providing that "no action may be maintained" if it is time-barred (citing WIS. STAT. § 893.07(1) (1999–2000))).

¶36 Because an affirmative defense under § 426.110(4)(c) is a merits issue it should not be raised, as it was here, in response to a motion for class certification. When evaluating a motion for class certification, the parties' and the circuit court's sole focus should be on whether the requirements for class certification in WIS. STAT. § 803.08(1) and (2)—numerosity, commonality, typicality, adequacy of representation, predominance, and superiority—are met. Having a viable claim on the merits is not one of those requirements. This is why federal courts have rejected the simplistic argument that if an affirmative defense applies, then class certification must be denied. *See In re Cmty. Bank of N. Va.*, 622 F.3d 275, 292–93 (3d Cir. 2010); *see also Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000). And we have similarly made clear that arguments about the merits of the named plaintiff's and putative class's claims must not be "shoehorn[ed]" into the class-certification inquiry. *See McDaniel v. DOC*, 2025 WI 24, ¶29, 416 Wis. 2d 516, 21 N.W.3d 749. Instead, arguments about the merits, including affirmative defenses like § 426.110(4)(c), must be raised and resolved using "procedures designed for merits determinations," like motions to dismiss or for summary judgment. *See id.*[3]

---

within 2 years after the date of filing" (emphasis added)); *see also, e.g.,* WIS. STAT. § 995.50(7) ("*No action* for invasion of privacy *may be maintained* under this section if the claim is based on act which is permissible under" statutes permitting law enforcement to intercept or reroute telecommunications (emphasis added)); WIS. STAT. § 707.23 ("Notwithstanding ch. 842, *no action* for partition of a time-share unit *may be maintained* except as permitted by the time-share instrument or under s. 707.24(3)(b)." (emphasis added)); WIS. STAT. § 893.83 ("*No action may be maintained* against a city, village, town, or county to recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or highway, unless the accumulation existed for 3 weeks." (emphasis added)).

[3] *See also Robinson ex rel. Robinson v. Mt. Sinai Med. Ctr.*, 137 Wis. 2d 1, 16, 402 N.W.2d 711 (1987) (explaining that statutes of limitation are affirmative defenses that must be "raised in a pleading, or by a motion, or be deemed waived"); *Skindzelewski v. Smith*, 2020 WI 57, ¶14, 392 Wis. 2d 117, 944 N.W.2d 575;

¶37    This does not mean, however, that a § 426.110(4)(c) affirmative defense can never be relevant when assessing the requirements for class certification such as typicality, adequacy, predominance, and superiority. *See* § 803.08(1)–(2) (setting forth the requirements for class certification). A named plaintiff whose claim is barred by § 426.110(4)(c), for example, might be atypical of a class of individuals whose claims are not subject to that defense. *See* § 803.08(1)(c). A § 426.110(4)(c) defense could likewise be a reason to think the named plaintiff is not an adequate class representative, since she has already received all the relief she might expect to obtain if the class prevails on the merits. *See* § 803.08(1)(d); *see also Robinson v. Sherriff of Cook Cnty.*, 167 F.3d 1155, 1157 (7th Cir. 1999). Additionally, the individualized question of whether the named plaintiff received an "appropriate remedy" might predominate over common questions, thus precluding a finding of predominance under § 803.08(2)(c), or pose case-management difficulties relevant to whether "a class action is superior to other available methods for . . . adjudicating the controversy." *See id.* (2)(c)4.

¶38    All of these potential arguments are focused directly on the class-certification requirements imposed by § 803.08, not on the merits of the class's or named plaintiff's claims. That is why they are fair game when a class-certification motion is at issue, while an argument that § 426.110(4)(c) bars the underlying claim is not. *See McDaniel*, 416 Wis. 2d 516, ¶¶30–31 (explaining that merits questions may come into play in evaluating a motion for class certification only when they are tied to the class-certification requirements).

¶39    In this case, Franklin neither raised its § 426.110(4)(c) affirmative defense through a dispositive motion or responsive pleading, nor made any attempt to tie its arguments about § 426.110(4)(c) to the requirements for class certification in § 803.08(1) and (2). For these reasons, the circuit court should have concluded that Franklin's argument was procedurally improper and declined to decide whether § 426.110(4)(c) applied or what it means.[4] The circuit court did not do that, however, and

WIS. STAT. § 802.02(3) ("In pleading to a preceding pleading, a party shall set forth affirmatively any matter constituting an avoidance or affirmative defense . . . .").

[4] To be fair, Franklin's decision to raise § 426.110(4)(c) at the class-certification stage is somewhat understandable since Gudex did not provide the

instead addressed § 426.110(4)(c) head on, premising its decision to grant class certification in significant part on an erroneous reading of that provision. Under that unique circumstance, I agree with the majority's decision to reverse the circuit court's grant of class certification. *See* majority op., ¶31.

¶40    Nevertheless, I emphasize that on remand, the circuit court remains free to grant a renewed motion for class certification if the requirements of § 803.08(1) and (2) are met, even if the affirmative defense in § 426.110(4)(c) might bar Gudex's damages claims under the WCA. If such a motion is made, I trust the parties and the circuit court will pay careful attention to the limited relevance of merits questions to the class-certification analysis, and avoid improperly "'engag[ing] in free-ranging merits inquiries at the certification stage.'" *McDaniel*, 416 Wis. 2d 516, ¶25 (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)). And if Franklin wishes to make an argument that § 426.110(4)(c) bars Gudex's claim for damages under the WCA because it gave her an appropriate remedy, it must do so using a procedure designed for merits determinations such as a motion for summary judgment. *See McDaniel*, 416 Wis. 2d 516, ¶29. With these caveats, I join the majority opinion and respectfully concur.

---

statutorily required pre-suit notice of her intention to pursue a damages class action under the WCA. *See* § 426.110(4)(a). As a result, the parties were already actively litigating the case by the time Franklin offered Gudex the asserted "appropriate remedy." And this too makes the circuit court's decision to address § 426.110(4)(c) and whether it barred Gudex's damages claim under the WCA more understandable. Nevertheless, Gudex's procedural gaffe does not justify importing a merits issue like § 426.110(4)(c) into the class-certification analysis.

SUSAN M. CRAWFORD, J., dissenting.

¶41 Heather Gudex filed a class action lawsuit against Franklin Collection Service, Inc., alleging that a debt collection letter it sent to her and other consumers violated the Wisconsin Consumer Act (WCA) and the Fair Debt Collection Practices Act (FDCPA),[1] causing damages to Gudex and similarly-situated persons in Wisconsin. Franklin proposed to settle the case by offering to pay damages to Gudex alone, which she rejected. Franklin opposed Gudex's motion to certify the class on grounds that its offer to settle her individual claim for damages defeated her standing to maintain the class action for damages under WIS. STAT. § 426.110(4)(c) (2021–22).[2] The circuit court rejected that argument and granted Gudex's motion for class certification, which the court of appeals affirmed. The majority now reverses the court of appeals' decision, holding that § 426.110(4)(c) allows a defendant to defeat a class action for damages under the WCA by offering to remedy the individual damages of a class representative.[3] I disagree and write separately to advance an interpretation of the statute consistent with the legislative intent to protect consumers through class actions for damages.

¶42 The consequences of the majority's misinterpretation of this key provision of the WCA class action statute are significant. Allowing a defendant to avoid a consumer class action for damages by "picking off" the representative plaintiff defeats the class action mechanism under the WCA. This erroneous result will ensure that § 426.110 becomes virtually a dead letter with respect to class claims for damages, undermining the WCA's purpose of "protect[ing] customers from unfair, deceptive, false, misleading and unconscionable practices." § 421.102(2)(b).

## I. ANALYSIS OF THE WCA CLASS ACTION PROVISIONS

---

[1] WIS. STAT. chs. 421–427 and 15 U.S.C. §§ 1692–1692p.

[2] All references to the Wisconsin Statutes are to the 2021–22 version unless otherwise indicated.

[3] The majority opinion holds that § 426.110(4)(c) allows a defendant to defeat a class action for damages under the WCA by offering to remedy the individual claims of a representative plaintiff but does not address whether Franklin's offer to Gudex was an "appropriate remedy." *See* majority op., ¶31 n.7.

¶43     When interpreting a statute, this court examines its language within the "relevant statutory context and structure." *Wis. Just. Initiative, Inc. v. WEC*, 2023 WI 38, ¶19, 407 Wis. 2d 87, 990 N.W.2d 122. The WCA instructs that its provisions "shall be liberally construed and applied to promote their underlying purposes and policies." WIS. STAT. § 421.102(1). The stated purposes of the WCA are: (1) "[t]o simplify, clarify and modernize the law governing consumer transactions;" (2) "[t]o protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants;" (3) "[t]o permit and encourage the development of fair and economically sound consumer practices in consumer transactions; and" (4) "[t]o coordinate the regulation of consumer credit transactions with the policies of the federal consumer credit protection act." § 421.102(2)(a)–(d). Above all, "[a]t the heart of each of the underlying purposes and policies of the Wisconsin Consumer Act is the protection of customers." *Brunton v. Nuvell Credit Corp.*, 2010 WI 50, ¶26, 325 Wis. 2d 135, 785 N.W.2d 302.

¶44     The class action statute begins by declaring that "[e]ither the administrator,[4] or any customer affected by a violation" of the WCA or the federal consumer credit protection act "may bring a civil action on behalf of himself or herself and all persons similarly situated." § 426.110(1). Gudex, a customer, brought this action on behalf of herself and all similarly-situated persons, seeking damages and other remedies under both the WCA and the federal consumer credit protection act (specifically the FDCPA).

¶45     Section 426.110(4) requires a plaintiff to give a defendant notice and an opportunity to cure before commencing a class action for damages. Paragraph (4)(a) instructs:

> At least 30 days or more prior to the commencement of a class action for damages pursuant to the provisions of this section, any party must:
>
> 1. Notify the person against whom an alleged cause of action is asserted of the particular alleged claim or violation; and

---

[4] The "administrator" is the Secretary of the Department of Financial Institutions. *See* WIS. STAT. § 426.103.

> 2. Demand that such person correct, or otherwise remedy the basis for the alleged claim.

§ 426.110(4)(a). Paragraph (4)(c) gives the defendant an opportunity to cure the claim and avoid the class action lawsuit, stating:

> Except as provided in par. (e), no action for damages may be maintained under this section if an appropriate remedy, which shall include actual damages and may include penalties, is given, or agreed to be given within a reasonable time, to such party within 30 days after receipt of such notice.

§ 426.110(4)(c).

¶46    In arguing that the legislature intended the phrase "appropriate remedy" in paragraph (4)(c) to refer to the actual damages only of the party who furnished the notice and demand, Franklin relied heavily on a commentary on the WCA published soon after the law was enacted. *See* Edward J. Heiser Jr., *Wisconsin Consumer Act: A Critical Analysis*, 57 MARQ. L. REV 389 (1974). To the extent the article addresses the issue, it simply says: "If the merchant remedies the alleged error or agrees to remedy such violation in a reasonable time within thirty days after receipt of such notice, no class action may be maintained by that customer." *Id*. at 478. Nowhere does it say that § 426.110(4)(c) allows a defendant to avoid a class action for damages by remedying only the individual damages of a single representative plaintiff. By contrast, another early commentary on the WCA expressly asserted that the "appropriate remedy" to avoid a class action under paragraph (4)(c) means "appropriate relief to *all consumers within the class*." Thomas D. Crandall, *The Wisconsin Consumer Act: Wisconsin Consumer Credit Laws Before and After*, 1973 WIS. L. REV. 334, 380 (1973) (emphasis added). Both the circuit court and the court of appeals agreed with this reading of the phrase. By contrast, the majority interprets the phrase as requiring a remedy to the individual damages of the representative party who provided notice of the class action.

¶47    These differing interpretations suggest that the phrase "appropriate remedy" in the context of § 426.110(4)(c) is ambiguous. "A word or term [in a statute] which can reasonably be understood in more than one sense or can convey more than one meaning is ambiguous." *DOT v. Transp. Comm'n*, 111 Wis. 2d 80, 87, 330 N.W.2d 159 (1983). When a statutory term is ambiguous, the court is obliged, "to the extent that it is able to determine the legislative intent, to ascertain as best it can the sense

in which the legislature used an ambiguous word or phrase." *Id.* at 88. Legislative intent may be "disclosed by the language of the statute in relation to its scope, history, context, subject matter, and the object intended to be remedied or accomplished." *Id.* (citation modified). In the case of the WCA, the legislature has specifically directed the court to *liberally construe* its provisions to promote their underlying purposes and policies, at the heart of which is the protection of consumers. *See Brunton*, 325 Wis. 2d 135, ¶26.

¶48 Thus, assuming the phrase "appropriate remedy" is ambiguous, it should be reasonably interpreted to advance the WCA's purpose of protecting consumers and § 426.110's purpose of giving consumers recourse to class damages for violations of the Act. As did the circuit court and the court of appeals, I conclude that the provision requires the circuit court to evaluate whether the defendant has, under the facts and circumstances of the case, offered an appropriate remedy to the class action for damages.

¶49 The majority, in interpreting these provisions, focuses on the phrases "any party" and "such party" in § 426.110(4) to conclude that a defendant may avoid a class action for damages by offering to pay individual damages solely to a representative plaintiff. That conclusion is incorrect and stems from a misdirected focus on the word "party."

¶50 The phrase "any party" recognizes that multiple individuals may be in a position to provide the required notice of a class action for damages to the defendant. A class action may be commenced by one or more representatives who assert a claim on behalf of themselves and other similarly-situated persons under Wisconsin law. *See* WIS. STAT. § 803.08(1) ("One or more members of a class may sue or be sued as representative parties . . . ."). *See, e.g., Coady v. Cross Country Bank*, 2007 WI App 26, ¶1, 299 Wis. 2d 420, 729 N.W.2d 732 (class action lawsuit under the WCA named ten individuals and "all others similarly situated" as plaintiffs). Each such customer is a "party" to the action.

¶51 Likewise, § 426.110(1) permits the administrator to bring an action for damages on behalf of a class of customers. In such cases, the administrator is a "party" to the anticipated class.

¶52 In sum, the majority's analysis of § 426.110(4) fails to recognize that "any party" is not limited to one individual; many

4

individuals in a particular case may have standing under the statute to provide the mandatory notice of a class action.

¶53     The statute next directs that "any party" must notify the defendant of "the particular alleged claim or violation" that will be asserted in the class action for damages. § 426.110(4)(a)1. The notice must include a demand that the defendant "correct, or otherwise remedy the basis for the alleged claim." § 426.110(4)(a)2. Thus, in context, a party must notify the defendant of the damages claim asserted on behalf of the class and demand that the defendant remedy that claim. That is what Gudex provided here. Her notice and demand properly gave Franklin "notice of her intent to seek monetary damages on behalf of a class of similarly situated individuals for [Franklin's] violation of the Wisconsin Consumer Act" and demanded it "provide adequate relief to each prospective class member within 30 days."

¶54     If Gudex had *omitted* the intended class-wide nature of the claim, and notified Franklin that she was asserting only an individual claim for damages and demanding only individual damages, the notice and demand would not satisfy § 426.110(4)(a). Such a notice and demand would not place the defendant on notice that it was being sued in a *class action for damages* under the WCA, which is the clear purpose of the paragraph.

¶55     Paragraph (4)(c) then gives the defendant an opportunity to cure the claim or violation asserted and avoid the class action. As stated in this provision: "no action for damages may be maintained under this section if an appropriate remedy, which shall include actual damages and may include penalties, is given, or agreed to be given within a reasonable time, to such party within 30 days after receipt of such notice." § 426.110(4)(c). The phrase "such party" there clearly refers to the party ("any party") who furnished the notice required in paragraph (4)(a). As noted, more than one person may qualify as "any party" for the purpose of providing the notice. Thus, in context, it is reasonable to interpret the phrase "such party" in this paragraph not as defining the scope of the remedy the defendant must offer to cut off the lawsuit, but rather directing *to whom* the defendant must extend a proposed remedy to the class claim of which it received notice.

¶56     Under the timelines required by § 426.110, the notice and opportunity to cure ordinarily are carried out pre-filing.[5] The notice must occur "at least 30 days or more prior to the commencement of a class action for damages." § 426.110(4)(a). To defeat the lawsuit, the appropriate remedy must be "given or agreed to be given within a reasonable time" within 30 days of the notice, again before the complaint is filed. § 426.110(4)(c).

¶57     In determining whether the defendant's response provides an "appropriate remedy" sufficient to avoid a class action for damages under this paragraph, the proper focus is on the claim and demand asserted. An "appropriate remedy" is determined, first, by reference to the claim for which the defendant received notice: the remedy must be one that "correct[s], or otherwise remedies" the "particular alleged claim or violation" for which the defendant received notice. § 426.110(4)(a)2. Second, an "appropriate remedy" is one that responds to the demand: it "shall include actual damages and may include penalties." § 426.110(4)(c). Because § 426.110 exclusively regulates class actions under the WCA, the "particular alleged claim or violation" asserted will never be an individual claim for damages. It will, in every case, be a claim for damages asserted on behalf of a class. Likewise, the demand will not seek only individual damages, but will always seek damages on behalf of a class of similarly-situated persons.

¶58     Thus, to prevent a class action for damages from being maintained against it, the defendant must give or agree to give an "appropriate remedy" to "correct, or otherwise remedy" the class claim for damages. An appropriate remedy "shall include actual damages." To comply with the statute, the party providing notice must advise the defendant that the claim is a class action for damages and demand damages on behalf of a class. *See* § 426.110(4)(a)1.–2. It is consistent with the purposes and scope of § 426.110 to interpret an "appropriate remedy" as one that appropriately remedies the damages claimed on behalf of the class, not just

---

[5] In this case, Gudex provided the statutory notice and demand *after* the action was commenced, but before she filed an amended complaint expressly adding a class claim for damages under the WCA. In response to the notice, Franklin offered a remedy to pay only Gudex's actual damages. The amended complaint included a copy of the notice, dated January 11, 2022, and Franklin's response.

the individual damages claimed on behalf of the party providing the notice. Paragraph (4)(c) directs that the "appropriate remedy" will be "given, or agreed to be given within a reasonable time" to the party providing notice of the claim. This provision instructs the defendant to whom the offer to cure must be given. It does not limit or define what is an "appropriate remedy." What remedy is "appropriate" is determined by examining the class claim and the demand for class relief, including actual damages.

¶59 What is an "appropriate remedy" is clearly intended to be case specific. At the pre-suit stage, the defendant typically has access to more information than the representative plaintiff, who has not had the opportunity to conduct discovery. A defendant may possess information that would constitute defenses to class certification (such as a lack of numerosity) or to the merits of the claim. A defendant may certainly take such information into account in determining what it believes is an appropriate remedy to the class claim for damages. Likewise, a representative plaintiff is not obliged to press ahead with filing the class action after the defendant offers a remedy.

¶60 As discussed in Justice Dallet's concurring opinion, after the action is filed, § 426.110(4)(c) operates as an affirmative defense: it gives the defendant an opportunity to show that the action "may not be maintained." *See* Justice Dallet's concurrence, ¶35. If a representative plaintiff (or the administrator, as the case may be) rejects the defendant's proposed pre-suit remedy and files the class action, the statute provides an opportunity for the defendant to obtain a dismissal of the claim for class damages by showing the circuit court that it offered an appropriate remedy under paragraph (4)(c). In my view, the statute leaves it to the circuit court to determine—as it did here—whether the remedy the defendant offered in response to the class claim for damages is an appropriate one under the facts and circumstances of the case.

¶61 I believe the circuit court appropriately exercised its discretion here in determining that Franklin's proposed remedy to pay Gudex's damages was not an appropriate remedy that precluded the class action for damages from being maintained. The majority, in concluding that the circuit court erred in finding that Franklin's offer of individual damages to Gudex was not an appropriate remedy, incorrectly construes the statutory provisions and fails to give deference to the circuit court's exercise of discretion.

¶62    Paragraph (4)(d) separately requires a defendant who provides a class-wide remedy in a class action for damages to show the court that it has identified all similarly-situated persons and given them an opportunity to receive "the appropriate remedy" it has proposed. It states:

> Except as provided in par. (e), no action for damages may be maintained under this section upon a showing by a person against whom the alleged claim or violation is asserted that all of the following exist:
>
> 1. All customers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made;
>
> 2. All customers so identified have been notified that upon their request such person shall make the appropriate remedy;
>
> 3. The remedy requested by such customers has been or in a reasonable time will be given; and
>
> 4. Such person has ceased from engaging, or if immediate cessation is impossible under the circumstances, such person will, within a reasonable time, cease to engage in any acts on which the alleged claim is based.

§ 426.110(4)(d). Thus, after a class action for damages is commenced, paragraph (4)(d) provides procedural safeguards to ensure that a defendant makes its "appropriate remedy" available to all similarly-situated customers before dismissal of the action is warranted.

## II.  CONSEQUENCES OF THE MAJORITY'S INTERPRETATION OF THE WCA PROVISIONS

¶63    The majority's interpretation of WIS. STAT. § 426.110 as allowing defendants to avoid class actions by paying damages to a single representative customer creates inconsistencies within the statutory framework and undercuts the purposes of the WCA. First, it fails to acknowledge that there may be multiple such parties, including the administrator. Second, it conflicts with policies for class actions under the federal consumer credit protection act, as construed by federal courts. Finally, it ensures that most consumers will never obtain relief in the form of damages when their rights under the WCA are violated.

A. THE MAJORITY'S ANALYSIS FALTERS IN THE CONTEXT OF CLASS ACTIONS BROUGHT BY THE ADMINISTRATOR OR MORE THAN ONE REPRESENTATIVE PLAINTIFF.

¶64    The majority glosses over the fact that the administrator may bring a class action for damages under the WCA. In reciting WIS. STAT. § 426.110(1), the majority omits the first phrase, which provides that "*[e]ither the administrator, or* any customer . . . may bring a civil action on behalf of himself or herself and all persons similarly situated." Majority op., ¶12; § 426.110(1) (emphasis added). In concluding that the statute allows a defendant to defeat a class action for damages by offering actual damages only to the party providing the notice, the majority offers no explanation for how this provision would work when the administrator brings an action on behalf of a class. It simply sidesteps the problem by stating that the decision is "confined to the circumstances here." Majority op., ¶22 n.4.

¶65    Section 426.110 does not exclude the administrator from the notice and demand provisions contained in paragraph (4)(a). Under the majority's construction, what "appropriate remedy," including "actual damages," must the defendant offer the administrator to avoid the class action lawsuit for damages? The administrator has suffered no personal damages. This anomaly is avoided by a consistent interpretation of the phrase "appropriate remedy," as used in paragraphs (4)(c) and (4)(d), to refer to a remedy responsive to the class claim for damages.

¶66    Likewise, the majority fails to acknowledge that multiple representative plaintiffs may bring a class action for damages. If six representative plaintiffs intend to file a class action lawsuit for damages, does the defendant avoid the lawsuit by paying the actual damages of just one representative ("any party") who provides the notice of the class claim and the demand for damages? Must each individual representative submit an identical notice of claim and demand, in sequence? This illogical, piecemeal result can be avoided by a reasonable construction that advances the statutory purpose of allowing consumers to obtain class damages.

B. THE MAJORITY'S INTERPRETATION OF THE WCA CLASS PROVISIONS CONFLICTS WITH POLICIES FOR CLASS ACTIONS UNDER THE FDCPA.

¶67    Gudex sought class action relief for Franklin's collection practices under both the WCA and the FDCPA. The majority's interpretation of WIS. STAT. § 426.110(4) to permit a defendant to defeat a

class action for damages by offering to pay damages to a single representative plaintiff conflicts with policies for class actions under the FDCPA. This result is contrary to § 421.102(2)(d), which requires the WCA to be construed in accordance with the federal consumer credit protection act, of which the FDCPA is part.

¶68     The circuit court certified the class for both the claims brought under the WCA and those brought under the FDCPA. The majority holds that the circuit court and the court of appeals erred in concluding that the defendant's proposal to pay only Gudex's individual damages was not an appropriate remedy allowing it to defeat a class action for damages under § 426.110(4)(c). The majority reverses the court of appeals' decision upholding the class certification and remands the case to the circuit court for further proceedings. It does not discuss the effect of its decision on the certification of the class for claims brought under the FDCPA.

¶69     Under federal precedent, an offer of individual relief to a representative plaintiff does not bar a class action under the FDCPA. *See, e.g.*, *Conway v. Portfolio Recovery Assocs.*, 840 F.3d 333, 335–36 (6th Cir. 2016) (unaccepted settlement or judgment offer did not moot the case, even after money judgment and dismissal for lack of jurisdiction was erroneously entered in favor of plaintiff who rejected the offer); *Webster v. Receivables Performance Mgmt.*, 414 F. Supp. 3d 1198, 1203–04 (S.D. Ind. 2019) (debt collector's unaccepted settlement offer of statutory damages plus reasonable attorney fees where plaintiff requested both actual damages and statutory damages in her complaint did not moot the FDCPA claim).[6]

---

[6] These cases apply the holding from *Campbell-Ewald Co. v. Gomez*, in which the Supreme Court held that a defendant's offer to settle a named plaintiff's individual claim under the Telephone Consumer Protection Act, before a class was certified, did not render the class action moot. 577 U.S. 153, 156 (2016). Interpreting their own state consumer laws, numerous state courts have similarly held that a defendant's tender of individual relief to a representative plaintiff does not extinguish the underlying class claim. *See, e.g., La Sala v. Am. Sav. & Loan Assn.*, 489 P.2d 1113 (Cal. 1971) (savings and loan association could not void class suit by remedying representative plaintiffs' injuries instead of the class of borrowers as a whole); *Chambers v. Moses H. Cone Mem'l Hosp.*, 843 S.E.2d 172 (N.C. 2020) (holding that class action survived after hospital mooted patient's individual claim prior to class certification); *Growden v. Good Shepherd Health Sys.*, 550 S.W.3d 716 (Tex. App. 2018) (holding that plaintiff's class action claims were not mooted, even though her individual claim became moot when hospital waived bill for her minor daughter's medical care). The majority makes Wisconsin an outlier by permitting

¶70     According to the majority's opinion, the class claims under the WCA are extinguished by Franklin's offer of individual relief to Gudex. Although the majority doesn't address it, the certification of the class for claims asserted under the FDCPA arguably stands. The majority's interpretation of the WCA provisions thus creates discord between the WCA's and the FDCPA's policies governing class actions. The WCA instructs that its provisions are to be liberally construed *in accordance with* the federal consumer credit protection act. The majority's opinion violates this directive.

## C. THE MAJORITY OPINION FAILS TO "LIBERALLY CONSTRUE" THE WCA TO GIVE EFFECT TO THE UNDERLYING PURPOSE OF PROTECTING CONSUMERS.

¶71     The majority recognizes that its decision hands debt collectors and other defendants a powerful mechanism for defeating class actions for damages under the WCA, defending its reasoning on grounds that the statute does not contain an "unrestrained endorsement of class actions." Majority op., ¶30.

¶72     The purpose of the WCA is explicitly to provide protections for consumers. Its class action provisions should be "liberally construed" to fulfill that purpose. WIS. STAT. § 421.102(1); *see also First Wis. Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 535, 335 N.W.2d 390 (1983) ("Private enforcement of consumer protection litigation, such as the WCA, should be facilitated to accomplish the broad remedial purposes intended by the legislature."); *Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶8, 273 Wis. 2d 612, 682 N.W.2d 365 ("[This court] liberally construe[s] remedial statutes to suppress the mischief and advance the remedy that the legislature intended to afford."). As is true for class action litigation in other contexts under Wisconsin law, class actions under the WCA allow consumers to obtain relief for violations of consumer protection laws when it is inefficient and uneconomical to individually litigate claims. *See* § 803.08(1)(a) ("One or more members of a class may sue or be sued as representative parties on behalf of all members only if the court finds . . . [t]he class is so numerous that joinder of all members is impracticable.").

---

a defendant to avoid exposure to class damages under the WCA simply by paying damages to a single consumer.

¶73     The WCA's class action provision provides an effective mechanism (or did, before this decision) for consumers to obtain class-wide damages on claims that cannot be efficiently litigated individually. The availability of class actions also provides some recourse to unsophisticated consumers who lack the resources or knowledge to pursue individual claims arising from violations of consumer protection laws. Violations of consumer protection laws often involve small amounts of damages that affect many consumers, which is why class actions are a frequently-utilized tool for such claims.

¶74     Under the majority's holding, a defendant receiving a notice of a proposed class action for damages under the WCA will be able to avoid the action simply by "picking off" the representative party by paying her individual damages. With a defendant having at its disposal this powerful, inexpensive, court-created tool for avoiding consumer class actions for damages, it is hard to imagine how any consumer class action for damages will be maintained. Paragraph (4)(c) undoubtedly gives defendants an opportunity to avoid potentially protracted and costly class action litigation by offering a remedy to a class claim for damages at the pre-suit stage. But by allowing defendants to evade class-wide liability under the WCA merely by paying damages to a single consumer, the majority guts the WCA's class action remedies.

¶75     The majority opinion will leave unsophisticated consumers with little recourse to recover damages for "unfair, deceptive, false, misleading and unconscionable practices by merchants." § 421.102(2)(b). Its interpretation of the WCA provisions resolves reasonable questions of construction against consumers and is unfaithful to the statutory directive to grant a liberal construction that promotes the purpose of protecting consumers.

¶76     For these reasons, I would affirm the court of appeals' decision upholding the circuit court's class certification. I dissent.